HENRY P. NICHOLS, ADMINISTRATOR OF EDWARD S. NICHOLS, v. THE TOWN OF FOUNTAIN.

(Filed 11 March, 1914.)

1. Cities and Towns—Governmental Duties—Liability.

A municipal corporation is not liable for torts of its officers done in performance of purely governmental powers for the benefit of the public at large.

2. Same—Jails—Destruction by Fire—Wrongful Death.

A town has performed its imperative duties to its prisoners when it has properly constructed and furnished its jail or prison, and is then not responsible for the death of a prisoner caused by the destruction of the jail by fire at night, who had

NICHOLS v. TOWN OF FOUNTAIN.

been incarcerated in a helpless condition and left without some one to look out for him; and it is held that a lock-up of a village of 150 inhabitants, upstairs in a two-story wooden building, with no building nearer than 50 feet, the lower floor used for the town market, sufficiently meets the requirements.

APPEAL by plaintiff from *Whedbee, J.*, at September Term, 1913, of PITT.

Civil action brought by plaintiff as administrator of Edward S. Nichols, deceased, to recover damages for the death of his intestate.

At the close of the evidence, the court sustained a motion to nonsuit. The plaintiff excepted and appealed.

*Harry Skinner and Albion Dunn for plaintiff.*
*F. G. James & Son, Moore & Long for defendant.*

BROWN, J. In their brief the learned counsel for plaintiff contend that his Honor erred in granting defendant's motion of nonsuit:

1st. For that the testimony of plaintiff establishes an actionable cause of negligence against the defendant, in that it shows:

(*a*) That the plaintiff's intestate was arrested in defendant town while in a state of intoxication, and was placed, while dead drunk, in defendant's town lock-up, which said lock-up was located in the second story of a wooden building.

(*b*) That plaintiff's intestate was in an unconscious condition, and in said condition was locked in a cell, without the ability to protect himself from harm or escape from danger.

(*c*) That the town authorities knew of said condition.

(*d*) That knowing said condition, the defendant failed to provide a night watchman or a guard to look after plaintiff's intestate and provide for him a means of escape in case of fire.

(*e*) That while plaintiff's intestate was confined in said cell the said building was burned, and he being in a helpless condition and being locked in said cell, and the defendant not having a guard or watchman, by reason thereof plaintiff's said intestate was burned to death.

2d. That it was the duty of the town to provide a guard or watchman for one in the condition of plaintiff's intestate, and failing to do .so, defendant was guilty of gross negligence, for which it is liable in damages.

The evidence shows that the "Town of Fountain" is a rural village of 150 inhabitants, with a municipal building of wood, the lower story used as a market house, and the upper as a courtroom with a lock-up of two cells for prisoners. There was no building situated nearer than 50 feet. The town employs only one policeman. About 1 o'clock at night a fire broke out and destroyed the building and burned to death plaintiff's intestate. The origin of the fire is unknown.

The cases bearing upon the liability of municipalities for the torts of its officers are very numerous, and many nice distinctions are taken, but it seems to be quite well settled that they are not liable for the acts of their officers done in performance of purely governmental powers for the benefit of the public at large, and not for their private benefit, for otherwise it would be impossible to say where their liabilities would end, or how heavy would be the burdens of those who sustain their existence.

This principle is very well stated by Shearman and Redfield Negligence, sec. 253, and Dillon on Mun. Corp., 966-968, and is embodied in' numerous judicial decisions in this and other States.

A very learned and exhaustive discussion of the subject will be found in *Mendel v. Wheeling,* 28 W. Va., 245, where the subject is discussed in its various phases and many cases cited and commented upon.

In this State the general principle as herein stated is recognized and applied, and in respect to jails and "lock-ups" the .municipality is held only to the duty of properly constructing and furnishing the prison, and in exercising ordinary care in providing the usual necessaries for the prisoners.

It is held that if the municipal authorities comply with these requirements, the municipality is not liable in damage for the negligence of its officers to properly care for and administer to the wants of the prisoners. *Coley v. Statesville,* 121 N. C., 301;

*Shields v. Durham,* 116 N. C., 394; *Moffitt v. Asheville,* 103 N. C., 237; *McIlhenny v. Wilmington,* 127 N. C., 146; *Hines v. Rocky Mount,* 162 N. C., 411.

Applying these principles, it was held by the Supreme Court of West Virginia in *Brown, administrator, v. Town of Guyandotte,* 12 S. E., 707, that a town is not liable for damages for the death of a person caused by the burning of its jail while such person was confined therein by town authority for a violation of its ordinances, though such fire was attributable to the wrongful acts of the officer or agent of the town.

In this case many cases are cited and instances given where the municipality has been exonerated from liability for the negligence of its officers.

The declaration alleged that the defendant "wrongfully, willfully, and negligently suffered, permitted, and caused" the jail to be destroyed by fire, whereby the plaintiff's decedent was so badly burned that he died. The Court in the opinion, after stating the general rule that a municipality cannot be held liable for acts of its officers done in the performance of purely governmental powers, said: "I think the duty and function of keeping a jail and confining therein offenders against the municipal ordinances of the town are plainly purely governmental in character, and fall within the rule just stated. The declaration does not tell us to the negligence or act of what officer of the town the burning is chargeable. It says, 'The town suffered and permitted and caused the said jail or lock-up to be destroyed by fire.' The question arising on demurrer, it might occur to the mind that the act of expressly causing the burning may have been, not that of a subordinate officer or keeper of the jail, but the chief officer, or even by order of its council; but such a criminal act would be *ultra vires,* not within the corporate powers conferred by law on the town, and for it the town would not be liable."

The same principles of law are recognized in England, and in a recent case brought on appeal before the Privy Council the judgment of the Supreme Court of British Columbia is affirmed, and it was held that a small rural township is not

bound to have a watchman constantly on duty to guard against the risk of fire in a wooden cell used for the custody of prisoners, and that the township was not liable for the death of a prisoner in such jail, caused by a fire originating in the cell. *McKenzie v. Chilliwack,* Ann. Cas., 1913 B. This case is on all-fours with the one we are considering. In the opinion, the President. says: "It was not unreasonable, in their lordships' view, for the defendants in the small rural municipality of Chilliwack to allot to Calbeck the other duties to some of which he attended on the evening of the fire; nor was it the duty of the respondents in the circumstances to keep Calbeck or any other person constantly at the lock-up. No breach of duty on their part caused or contributed to the death of the deceased."

The judgment of the Superior Court is
Affirmed.