### E. H. HOBBS v. CITY OF WASHINGTON AND GEORGE N. HOWARD.

(Filed 3 March, 1915.)

1. **Municipal Corporations—Cities and Towns—Unsanitary Lockup—Damages—State Offense—Liability.**

   The act of a city's chief of police in causing the incarceration of one violating the laws of the State, and not of the city, in the unsanitary lockup of the city, when unauthorized on the part of the city, does not make the latter responsible in damages for a consequent injury to the health of the prisoner; the right of action existing only against the chief of police.

2. **Municipal Corporation—Cities and Towns—Theft of Boat—State Offense.**

   The theft of a boat upon a river from the wharf of a city is an offense against the State, and the thief, after arrest, should be incarcerated in the county jail, and not in the city lockup.

3. **Municipal Corporations—Police Officers—Unlawful Arrest—Warrants for Arrest.**

   The arrest of a person by an officer without a warrant is allowed upon emergency (Revisal, secs. 3176-8), but a warrant must be procured as soon thereafter as possible (Revisal, sec. 3182); and, under the circumstances of this case, it appearing that this was not done, the officer responsible for the arrest is personally answerable in damages.

   HOKE and ALLEN, JJ., dissenting.

APPEAL by defendant from *Bond, J.,* at October Term, 1914, of BEAUFORT.

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*H. C. Carter, Jr., for defendants.*

CLARK, C. J. On the night of 27 June, 1912, the plaintiff, who was at that time a minor, but is now of age, was arrested, together with several other boys, upon the complaint of the owner of a boat to the defendant Howard, the chief of police of Washington, that some one had stolen it. Two of the police officers were sent by the defendant Howard, chief of police, to the wharves to ascertain and apprehend the guilty parties.

The boat was seen in the river, and when it came ashore the plaintiff and the other boys were arrested and afterwards confined in the city

lockup. The plaintiff was kept in the city lockup overnight on the charge of removing the boat from the wharf, but next morning was acquitted of the charge by the recorder.

The complaint alleges that the lockup was in a filthy and unsanitary condition. The defendant, the city of Washington, had in its employment a janitor whose business it was to keep the lockup in a clean and sanitary condition, but the jury find that the lockup was in fact in an unsanitary condition, which is to the discredit of the city. We need not, however, consider the debated proposition whether the city under such circumstances would be liable for damages, because the plaintiff was arrested for a violation of the State law, and his being placed in the city lockup was without its authority, express or implied, but was the unauthorized act of the defendant Howard. Such action by Howard imposes no liability upon the city, any more than if he had imprisoned the plaintiff in a pig-pen on the premises of an individual, which would not have imposed any liability upon the owner of the lot, without his concurrence in the act.

As to the defendant Howard, the jury find that he arrested the plaintiff without any warrant and detained him in confinement until next morning without procuring one. Upon emergency, which does not appear to have been the case here, one may be arrested without a warrant (Rev., 3176-8), but as soon thereafter as possible the warrant must be procured (Rev., 3182). This was not done in this case.

The action of Howard, being unauthorized, created no liability as to the city. *McIlhenny v. Wilmington,* 127 N. C., 146.

Howard was liable, not only because he arrested the plaintiff without a warrant and without procuring one until next morning, but because he imprisoned the plaintiff in a lockup that was filthy, and without any authority of law, since the arrest being for an offense against the State, the plaintiff should have been placed in the county jail.

As to the city of Washington, the nonsuit should have been granted. As to Howard,

No error.

HOKE and ALLEN, JJ., dissenting.