CHARLES C. PARKS v. THE TOWN OF PRINCETON, a MUNICIPAL CORPORATION, WILBUR F. BARBOUR, DAVID OLIVE, AND BOB RAINS.

(Filed 10 April, 1940.)

**1. Pleadings § 20—**

In passing upon a demurrer the facts alleged in the complaint, and relevant inferences of fact necessarily deducible therefrom, will be taken as true.

**2. Municipal Corporations § 12—Ordinarily, a municipality is not liable for tort committed in discharge of governmental function.**

In the absence of statute subjecting it to liability, a municipality is not liable for torts committed by its officers and agents while performing a governmental function of the municipality or a duty imposed upon it solely for the public benefit, but it may be held liable for tortious acts of its officers or agents committed by them in the performance of their duties relating to an activity carried on by the municipality in its corporate character or in the exercise of powers for its own advantage.

**3. Same—**

In arresting and imprisoning a person, a municipal corporation is performing duties imposed upon it solely for the public benefit, and therefore it cannot be held liable for alleged negligence of its agents in imprisoning a person or in failing to search other prisoners for objects which might result in injury to the prisoner.

**4. Same—**

Art. XI, section 6, of the Constitution of North Carolina imposes liability on a municipality only for such injuries to prisoners as result from its failure to properly construct and furnish the prison to afford prisoners reasonable comfort and protection from suffering an injury to health.

**5. Same—Held: Facts alleged failed to show causal connection between the construction and equipment of prison and injury to prisoner.**

The complaint alleged that plaintiff was imprisoned in a cell in defendant municipality's prison which was without lights or toilet facilities,

that another prisoner in a drunken and violent condition was put in the same cell without searching him for articles that might result in injury to plaintiff, that a short while thereafter plaintiff became conscious and found himself wrapped in a blanket with an old and highly inflammable mattress on top of him, which was on fire, and that the other prisoner was astride of him holding him down, resulting in plaintiff's being severely burned to his great damage. *Held:* The facts alleged failed to disclose any causal connection between the alleged improper construction and equipment of the prison and the injury to plaintiff, and the demurrer of the municipality was properly sustained.

SEAWELL, J., dissents.

APPEAL by plaintiff from *Williams, J.,* at September Term, 1939, of JOHNSTON.

Civil action to recover for personal injuries allegedly resulting from negligence of defendant, heard upon demurrer of town of Princeton.

The plaintiff, in his amended complaint, alleges substantially these facts: (1) That on 8 May, 1938, the defendant, town of Princeton, as a municipal corporation, duly organized and existing under and by virtue of its charter and the general laws of the State applicable to such corporation, had in its employment as police officer the defendant, Bob Rains, "and had adopted and was enforcing certain laws and ordinances, a violation of which was to be drunk on its streets." (2) That on the night of said date "defendant Bob Rains, policeman as aforesaid, . . . while in the regular discharge of his duty as such," finding "the plaintiff near the edge of the sidewalk of one of its streets in an intoxicated and unconscious condition, . . . quiet and apparently asleep," with the assistance of another carried the plaintiff and placed him in the town prison which had theretofore been erected, and was then being maintained by the town. (3) That about a half hour later another person, much larger and stronger than plaintiff, who had been arrested "for drunken and disorderly conduct at a dance pavilion," and "who at the time was in an ugly, violent and dangerous mood," was put in prison with plaintiff by defendants, Barbour and Olive, deputy sheriffs, and said policeman, without having first searched him for matches or other things that might be used by him to injure the plaintiff, and then closed and locked the door and left without any provision of the plaintiff.

(4) That "in the structure, superintendence and maintenance" of said prison defendant town of Princeton was "guilty of gross continuing negligence" in respects substantially these: (a) In that said prison for white prisoners was a small, tight, boxlike room, seven by ten feet in size, in which the only means of light or ventilation is a 20-inch square opening, partially obstructed by bars, located in the upper part of the back wall and opening on an unlighted back lot; (b) in that said room was not lighted or equipped for lighting, electrically or otherwise,

although the town used electric lights on its streets, and same were available for installation and could easily have been installed therein; (c) in that said room was not provided with water, toilet and other conveniences for the comfort, protection and health of persons confined therein; (d) in that said room was not equipped with electric or other alarm device for use by persons confined therein in case of fire or other dangers originating therein; (e) in that the town failed "to give proper superintendence" to said prison, and permitted same to be supplied with an old cotton pad and cotton blanket, worn and frazzled, and in filthy and highly inflammable condition, as a result of which the room so constructed, equipped and maintained was a constant and continuing menace to the safety, comfort and health of any person confined therein; and (f) in that said town failed to provide a watchman to give alarm and protect prisoners therein, "which duty to so provide means for his protection, the defendant, the town of Princeton, owed to the plaintiff," all "in violation of its duty to the plaintiff under the provisions of Article XI, section 6, of the Constitution of the State and the laws made pursuant thereto."

(5) That a short time after said other person was locked in said prison with plaintiff, as above stated, "the old cotton pad and blanket was on fire, and when plaintiff became conscious the old blanket, which was on fire, was wrapped tightly around him and the old pad or mattress on the top of it and he was held down "by the other person astride of him," and as a result of which plaintiff was severely burned and injured to his great damage.

(6) "That the grossly negligent, careless, reckless, unlawful and wanton jointly tortious conduct of the defendants, as set out in the preceding paragraphs in violation of the duty they owed the plaintiff under the circumstances was the proximate cause of the plaintiff's injury as above set out, which was the joint and concurring cause of the plaintiff's injury."

Defendant, town of Princeton, demurs to the amended complaint for that it does not state facts sufficient to constitute a cause of action against said town in that:

"1. The alleged negligent acts of this defendant were governmental in their nature and were done in the exercise of judicial, discretionary or legislative authority, or in the discharge of a duty imposed solely for the benefit of the public.

"2. That the alleged negligence of this defendant is a conclusion of law and not facts; and

"3. That no alleged act of this defendant can, upon the face of the complaint, be held to constitute the proximate cause of any injury the plaintiff may have sustained."

From judgment sustaining the demurrer, plaintiff appeals to the Supreme Court and assigns error.

*Parker & Lee, Paul D. Grady, and W. H. Massey for plaintiff, appellant.*
*Ward, Stancil & Ward for defendants, appellees.*

WINBORNE, J. Admitting the truth of the allegations of fact set forth in the complaint, as well as relevant inference of facts necessarily deducible therefrom, as we must do in testing the sufficiency of the complaint, challenged by demurrer, *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369, and numerous other cases, we are of opinion that the complaint fails to state a cause of action against defendant town of Princeton.

The decisions of this Court uniformly hold that in the absence of some statute which subjects it to liability therefor, a city and town, when acting in its corporate character, or in the exercise of powers for its own advantage, may be liable for the negligent acts of its officers and agents; but when acting in the exercise of police power, or judicial, discretionary, or legislative authority, conferred by its charter or by statute, and when discharging a duty imposed solely for the public benefit, it is not liable for the tortious acts of its officers and agents. *Moffitt v. Asheville,* 103 N. C., 237, 9 S. E., 695, 14 Am. St. Rep., 810; *Nichols v. Fountain,* 165 N. C., 166, 80 S. E., 1059, 52 L. R. A. (N. S.), 942, Ann. Cas., 1915-D, 152, 8 N. C. C. A., 872; *Hodges v. Charlotte,* 214 N. C., 737, 200 S. E., 889, and numerous other cases.

Applying these principles to the facts alleged in the complaint, the acts of the police officer with respect to the arrest and imprisonment of plaintiff, and to the arrest, search and imprisonment of the other person, pertain to the discharge of duties imposed solely for the public benefit, for which the town of Princeton is not liable.

But with regard to the prison, the Constitution of North Carolina, Article XI, sec. 6, provides that: "It shall be required, by competent legislation, that the structure and superintendence of penal institutions of the State, the county jails and city police prisoners, secure the health and comfort of the prisoners . . ."

The subject of the duty of a municipality in respect to its jails has been considered in several decisions of this Court: *Lewis v. Raleigh,* 77 N. C., 229; *Moffitt v. Asheville, supra; Shields v. Durham,* 116 N. C., 394, 21 S. E., 402; *S. c.,* 118 N. C., 450, 24 S. E., 794, 36 L. R. A., 293; *Coley v. Statesville,* 121 N. C., 301, 28 S. E., 482; *Hobbs v. Washington,* 168 N. C., 293, 84 S. E., 391; *Nichols v. Fountain, supra.* See, also, Annotation in 46 A. L. R., 94, at page 98.

In these decisions, the Court, recognizing and applying the general principal that a municipality is not liable for the acts of its officers done in performance of purely governmental powers for the benefit of the public, declares the settled rule in this State to be that a municipality is liable only for failure to properly construct the prison or to so furnish it as to afford to prisoners reasonable comfort and protection from suffering and injury to health.

The factual situation in the case of *Nichols v. Fountain, supra,* is very similar to that in the present case. There the Court held that the town was not liable.

In order to establish actionable negligence, "the plaintiff must show: First, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, under the circumstances in which they were placed; and second, that such negligent breach of duty was the proximate cause of the injury—a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed." *Whitt v. Rand,* 187 N. C., 805, 123 S. E., 84; *Ramsbottom v. R. R.,* 138 N. C., 39, 50 S. E., 448; *Templeton v. Kelley,* 215 N. C., 577, 2 S. E. (2d), 696.

In the light of these principles, if it be conceded that the prison of the town of Princeton is not properly constructed and properly equipped, the complaint fails to show any causal connection between such condition and the injury suffered by plaintiff.

The judgment below is
Affirmed.

SEAWELL, J., dissents.