## Pushnack v. Borough of Belle Vernon

*Dean D. Sturgis* and *H. R. Stahlman*, for plaintiff.
*Wade K. Newell* and *J. W. Steen*, for defendant.

CARR, J., September 29, 1942.—This is an action of trespass against a municipality for damages resulting from the negligent exercise of its police power. The question of municipal liability for tort committed in the discharge of a governmental function is raised by statutory demurrer.

As the cause of action is pleaded, the chief of police of the Borough of Belle Vernon on the afternoon of April 27, 1941, arrested plaintiff's husband, lodged him in the local lockup, and departed, leaving no one on watch in or about the premises. Sometime that evening a fire of unknown origin destroyed the lockup and so badly burned the prisoner that he died the following morning. Negligence is attributed to the borough in failing to provide an attendant by whom the

burning building could have been unlocked and the entrapped prisoner rescued, in failing to furnish any means for extinguishing the fire or sounding an alarm, and in employing an incompetent police officer knowing that it was his practice to leave the lockup unwatched and thus to endanger the lives of persons confined therein.

Even if it may be said that there was a duty to keep someone in constant attendance upon the prisoner (see, contra, McKenzie et al. v. Chilliwack Twp., etc., 8 L. R., A. C. (1912) 888, 8 D. L. R. 692), an action will not lie against a municipality for negligence in the exercise of its police power except where, as is not here the case, a right to recover is expressly given by act of assembly. When a municipality is carrying out its governmental functions, of which police protection is perhaps primary, it is acting as an arm of the State, and shares the immunity of the State. The only available redress for an injury is through an action against the officer whose tortious conduct is the cause of it: Scibilia v. Philadelphia, 279 Pa. 549; Steele v. McKeesport, 298 Pa. 116; Nichols, Admr., v. Town of Fountain, 165 N. C. 166, 80 S. E. 1059; 41 Am. Jur. 899, §19.

Nor is the immunity of defendant borough affected by the fact that its provision of a lockup was permissive and not mandatory, for a municipality may function governmentally in matters left optional to it as well as in those imposed by law. Whether the need for a local lockup was determined by the legislature or by the municipality itself, the lockup was a facility for law enforcement, and thus served a use essentially governmental in object and character, and not in any degree proprietary: Curran v. Boston, 151 Mass. 505, 24 N. E. 781; Wold v. Portland (Ore. 1941), 112 P. (2d) 469; Pelfrey's Admx. v. City of Jackson, 291 Ky. 161, 163 S. W. (2d) 300.

Though the rule of law that denies compensation from the public treasury in cases such as this may

seem to be a harsh one, it is firmly fixed in our jurisprudence. There is so great a social interest in the maintenance of law and order that it is deemed unwise to expose municipalities to liability for the wilful or negligent acts of enforcement agents.

Accordingly, the question of law raised in the affidavit of defense must be decided in favor of defendant.

### Order

And now, September 29, 1942, the question of law raised in the affidavit of defense is decided in favor of defendant, and judgment for the Borough of Belle Vernon, defendant, and against Eva Pushnack, plaintiff, is hereby entered.