Civil action for recovery for alleged wrongful death, G.S., 28-173 — heard upon demurrer to complaint.
Plaintiff in complaint filed alleges substantially these facts:
1. That B. B. Dixon, the intestate of plaintiff, came to his death on 10 May, 1942, by reason of burns and suffocation when fire ignited and burned inflammable matter in the cell of the prison or lockup maintained by defendant, the Town of Wake Forest, a municipal corporation, in which prison or lockup he had been placed by the night policeman of said town at a time when he, the intestate, was "in a helpless and mentally irresponsible condition."
2. That the said prison or lockup which the defendant maintained at that time, and in which it undertook to confine all such persons as in the *Page 625 
judgment of its police officers it was proper to so confine, was located at the rear of the ground floor of a brick building and over a basement in which the town truck, and coal, and other materials were stored, and consisted of two cells and a passageway, with no windows or other openings to which a prisoner locked in either cell might gain access in order to save himself from suffocation; that there was in the cell, in which intestate of plaintiff was confined, a "quantity of inflammable material consisting of two cotton mattresses and blankets"; and that there were no attendants provided by defendant to release a prisoner, particularly one in an irresponsible condition, such as was the plaintiff's intestate, in the event of a fire in the prison.
3. That the town of Wake Forest, with population of 2,000 inhabitants, "with one of the largest educational institutions in the State within its corporate limits, and with a large cotton mill in close proximity thereto," is "well able not only to provide for the patrol of its streets and other police duties, but to . . . provide an attendant for its prison where irresponsible persons are habitually imprisoned."
4. That the death of intestate of plaintiff was the direct and proximate result of the negligence of defendant (a) in so constructing the prison that a person locked therein could not, in case of fire, escape therefrom or gain access to a window or other opening in order to save himself from death by burning or suffocation, and (b) in failing to provide proper attendants for the safeguard and protection of those confined in the prison or lockup in which there were inflammable materials, when the defendant could reasonably foresee that a person in an irresponsible condition such as was the intestate of plaintiff at the time of his incarceration would likely set fire to the prison, or otherwise injure himself.
Defendant demurs to the complaint for that it does not state facts sufficient to constitute a cause of action in that:
"1. The alleged negligent acts of this defendant were governmental in their nature and were done in the exercise of judicial, discretionary or legislative authority, or in the discharge of a duty imposed solely for the benefit of the public.
"2. That the alleged negligence of this defendant is a conclusion of law and not facts; and
"3. That no alleged act of this defendant can, upon the face of the complaint, be held to constitute the proximate cause of any injury the plaintiff may have sustained."
From judgment overruling the demurrer, defendant appeals to Supreme Court and assigns error. *Page 626 
Judgment of the court below in overruling the demurrer to the complaint runs counter to the principles of law enunciated and applied in numerous decisions of this Court, as most recently stated in Parks v. Town ofPrinceton, 217 N.C. 361, 8 S.E.2d 217, where the authorities are assembled.
The factual situations in the Parks case, supra, and in the case ofNichols v. Fountain, 165 N.C. 166, 80 S.E. 1059, 52 L.R.A. (N.S.), 942, Ann. Cases 1915 (d), 152, 8 N.C.C.A., 872, are in material aspects very similar to that in the present case and the principles there applied are controlling here. Hence, on the authority of these cases, and the cases therein cited, the demurrer should have been sustained.
The judgment below will be
Reversed.