E. G. GENTRY, ADMR. ESTATE OF ARNOLD GENTRY, v. TOWN OF HOT SPRINGS, NORTH CAROLINA.

(Filed 24 September, 1947.)

**1. Pleadings § 15—**

A demurrer tests the sufficiency of the complaint to state a cause of action, admitting for the purpose the allegations of fact and inferences of fact reasonably deducible therefrom, but it does not admit the conclusions of law asserted by the pleader thereon.

**2. Municipal Corporations § 12—**

This action was instituted solely against a municipal corporation to recover for wrongful death upon allegations of gross neglect and culpable negligence on the part of the chief of police and jailer and the mayor and board of aldermen resulting in the death of plaintiff's intestate when he was suffocated in a fire originating in a room adjacent to the cell in which the police chief and jailer had incarcerated intestate. *Held:* Defendant's demurrer to the complaint was properly sustained upon the ground of governmental immunity since a municipality may not be held liable upon the theory of *respondeat superior* for gross neglect or culpable negligence of its officers in the discharge of their governmental duties. G. S., 153-179, is not applicable.

SEAWELL, J., dissents.

APPEAL by plaintiff from *Nettles, J.,* at March Term, 1947, of MADISON.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendant.

In substance, the complaint alleges that during the early morning hours of 27 April, 1946, plaintiff's intestate, a boy fifteen years of age, was wrongfully incarcerated in the lockup or jail of the Town of Hot Springs, N. C., by the chief of police and jailer, Milt Landers, after having been brutally and inhumanly treated by said officers; that the vicious and criminal propensities and general unfitness of said officer

were well known to both Mayor and Board of Aldermen of the town; likewise, the jail, with its surroundings, was known to be a potential fire trap, unsafe and unfit for such use, with faulty electric-lighting equipment, etc.; that soon after the incarceration of plaintiff's intestate, his brother, Frank Gentry, aged 22, came to the jail and was himself brutally assaulted by the Chief of Police and placed in the lockup; that the Chief of Police then left for his home, taking with him the only available key to the jail, and in a short time, about 3:30 a.m., a fire broke out among the shavings, sawdust and other inflammable materials in the workshop adjacent to the lockup, which quickly spread to the jail and suffocated plaintiff's intestate and his brother. Wherefore plaintiff seeks recovery for the wrongful death of his intestate.

Demurrer was interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action for wrongful death against the defendant municipality.

From judgment sustaining the demurrer, the plaintiff appeals, assigning error.

*Calvin R. Edney for plaintiff, appellant.*
*George M. Pritchard and George L. Greene for defendant, appellee.*

STACY, C. J. The complaint paints a lurid picture. However, if we look beyond the paint and examine the foundation of the alleged cause of action for wrongful death, as the demurrer invites us to do (*Andrews v. R. R.*, 200 N. C., 483, 157 S. E., 431), we perceive no distinguishable difference between this case and the case of *Dixon v. Town of Wake Forest*, 224 N. C., 624, 31 S. E. (2d), 853. The *Dixon* case was itself predicated on *Parks v. Town of Princeton*, 217 N. C., 361, 8 S. E. (2d), 217, and *Nichols v. Town of Fountain*, 165 N. C., 166, 80 S. E., 1059, 52 L. R. A. (N. S.), 942, Ann. Cas. 1915-D, 152. The demurrer, which challenges the complaint on the ground of governmental immunity, was properly sustained on authority of these cases. See Anno. 46 A. L. R., at p. 98; s. 61, A. L. R., 569; 41 Am. Jur., 899.

This doctrine which shields a municipality and its innocent taxpayers from liability for the negligent acts of its officers, done in the exercise of a purely governmental function, is recognized in all the decisions on the subject. True, many fine distinctions may be found in some of them, but the doctrine itself is regarded as essential, else it would be impossible to say where the liability of a municipal corporation would end, or how heavy a burden might be imposed on those who sustain its existence. *Nichols v. Town of Fountain, supra.* In the absence of statute, the doctrine of *respondeat superior* is not applicable to a State, or to its subdivisions when discharging a governmental duty (save perhaps in ad-

GENTRY *v.* HOT SPRINGS.

miralty matters). *Clodfelter v. State,* 86 N. C., 51, 41 Am. Rep., 440; *Brown's Admr. v. Town of Guyandotte,* 34 W. Va., 299, 12 S. E., 707; 41 Am. Jur., 896. See discussion in *Hunt v. High Point,* 226 N. C., 74, 36 S. E. (2d), 694.

Shearman and Redfield, in their work on the Law of Negligence, Fourth Edition, Sec. 253, state the rule as follows: "The governmental powers of the state are further exercised by a great number of municipal and *quasi-*municipal organizations, such as cities, towns, counties and boards, to which, for purposes of government and for the benefit and service of the public, the state delegates portions of its sovereignty, to be exercised within particular portions of its territory, or for certain well-defined public purposes. To the extent that such local or special organizations possess and exercise governmental powers, they are, as it were, departments of state; as such, in the absence of any statute to the contrary, they have the privilege and immunity of the state: they partake of the state's prerogative of sovereignty, in that they are exempt from private prosecution for the consequence of their exercising or neglecting to exercise the governmental powers they possess. To the extent that they exercise such powers, their duties are regarded as due to the public, not to individuals; their officers are not agents of the corporation, but of 'the greater public'—the state. No relation of agency existing between the corporation and its officers, with respect to the discharge of these public, governmental duties, the corporation is not responsible for the acts or omissions of its officers therein. This is nothing more than an application and proper extension of the rule that the state is not liable for the misfeasance of its officers."

Speaking generally to the subject in *Mendel v. Wheeling,* 28 W. Va., 233, it was said: "It has often been decided, that, where the powers created and duly enjoined are given and laid upon officers or agents to be named by the municipal corporation for the public benefit and as a convenient method of exercising the general government of the corporation, such corporation is not liable for the negligent omission or action of such officers or agents. . . . It seems therefore to be well settled, that, when a municipal corporation through its officers as agents is merely carrying out or exercising its purely governmental powers, it is not liable for any negligence of its officers or agents. This is so held from the wisest public policy; because, should a different rule obtain, municipal corporations could not exist."

In the case at bar, the Chief of Police and Jailer, the Mayor and the Board of Aldermen are all charged with gross neglect and culpable negligence in connection with the death of plaintiff's intestate. But these charges are leveled at them in their respective governmental offices. The municipality alone is sued, and this upon the theory of *respondeat*

*superior. Hobbs v. Washington,* 168 N. C., 293, 83 S. E., 391. Unless and until the General Assembly shall declare otherwise, a municipality is not liable in damages for the tortious acts of its officers committed in the discharge. of their governmental duties. The provisions of G. S., 153-179, are not applicable to the allegations of wrongful death here made. *Moffitt v. Asheville,* 103 N. C., 237, 9 S. E., 695, 14 Am. St. Rep., 810.

Whether Arnold Gentry had a cause of action for personal injuries, which survived his death and became an asset of his estate, is not presented and is not decided. See *Hoke v. Greyhound Corp.,* 226 N. C., 332, 38 S. E. (2d), 105; *Hobbs v. Washington, supra; Moffitt v. Asheville, supra; Manuel v. Comrs.,* 98 N. C., 9, 3 S. E., 829; Anno. 46 A. L. R., 111, s. 61, A. L. R., 571; also *White v. Comrs. of Johnston,* 217 N. C., 329, 7 S. E. (2d), 825.

Affirmed.

SEAWELL, J., dissents.