STATE OF NORTH CAROLINA EX REL. A. B. HAYES, ADMINISTRATOR OF
THE ESTATE OF WILLIAM RALPH HAYES, v. C. E. BILLINGS, JR.,
SHERIFF AND CUSTODIAN OF THE WILKES COUNTY JAIL; THE COUNTY
OF WILKES; AND THE TRAVELERS INDEMNITY COMPANY OF
HARTFORD, CONN.

(Filed 7 April, 1954.)

**1. Counties § 24—**

The doctrine that a county is not liable for the negligence of its officers
and agents in the exercise of governmental functions obtains in this juris-
diction.

**2. Same—**

A county acts in a purely governmental capacity in erecting and main-
taining a jail, and in an action to recover for wrongful death allegely
resulting from the negligence of the county in this respect, demurrer is
properly sustained. The exception to the general rule of nonliability in
such instances in regard to municipalities is not extended to counties.

**3. Sheriffs § 6a—**

Allegations to the effect that defendant sheriff took custody of a mental
incompetent for the purpose of putting him in place of safety, but did not
lock the incompetent in a room or cell, but permitted him to roam at large
in the upstairs hallway of the jail, under circumstances from which injury
should have been anticipated, resulting in the incompetent's falling down
a fifteen foot well or open space to his death, *is held* sufficient to state a
cause of action against the sheriff for negligence.

APPEAL by plaintiff from *Nettles, J.,* at January Term, 1954, of
WILKES.

Civil action by plaintiff to recover damages for the alleged wrongful
death of his intestate, William Ralph Hayes, who, while incarcerated in
the Wilkes County jail, fell from an upstairs hallway to a concrete floor
beneath, due to the alleged joint and concurrent negligence of the defend-
ants, heard below on demurrer to the complaint.

The plaintiff's allegations may be summarized as follows:

1. The intestate, William Ralph Hayes, shortly prior to 25 April, 1953,
suffered a nervous breakdown of a temporary nature and became mentally
unbalanced, violent, unable to control his acts and movements, and "obliv-
ious to danger with respect to his own bodily health or life." Due to this
condition, the intestate's parents called the defendant C. E. Billings, Jr.,
Sheriff of Wilkes County and custodian of the county jail, and explained
to him the condition of their son and requested that the "defendant
Billings place intestate in a place of safety where he would not be in
position to harm himself or . . . endanger his life."

2. ". . . with full knowledge . . . on the part of the defendant Bill-
ings that the . . . intestate was without his mental capacity and had no

knowledge as to his acts . . . and . . . was likely to do violence to himself because of his mental condition . . . the . . . defendant Billings took custody of the . . . intestate for the purpose of placing him in a place of safety, and . . . placed him in the county jail of Wilkes County."

3. When the defendant Billings placed intestate in the jail, he did not lock him in a room or cell "but negligently and carelessly permitted him to roam in the upstairs hallway of the jail; that the Wilkes County jail is negligently and carelessly constructed and maintained in that at the end of the upstairs hallway, there is a large well, or open space with a winding stairway permitting a drop of some 12 to 15 feet from the upstairs to a concrete floor on the downstairs portion of the jail; that said well or open space is negligently and carelessly maintained without adequate guardrails or other means of protection with respect to people falling from one floor to the other, especially persons under disability; that as the proximate cause (result) of the negligence and carelessness of the defendant Billings in permitting the . . . intestate to be free in the upstairs hallway of the jail and the negligence in the construction of the jail in the manner set out above, and the maintenance of the jail in the manner set out above, the . . . intestate fell from the upstairs hallway of the jail to the concrete floor below sustaining injuries from which he later died."

4. ". . . the defendant Billings was negligent, which negligence was one of the proximate causes of the death of the . . . intestate in the following respects, to-wit:

"(a) In that with full knowledge of the mental condition of the . . . intestate, he failed to lock the . . . intestate in a place of safety but permitted him to be free in a dangerous and hazardous place, knowing full well, or being in a position where he should have known full well, that the . . . intestate was likely to suffer death or great bodily harm.

"(b) In that, knowing the hazardous and dangerous condition with respect to said well or open space, he failed to take proper safeguards with respect to the same."

5. "That the defendant, County of Wilkes, was negligent, which negligence was one of the proximate causes of the death of the . . . intestate in the following respects, to-wit:

"(a) In that said jail was negligently and carelessly constructed for the reason that there was a deep well or open space from the first floor to the second floor built in said jail, which space was hazardous on its face and which dangerous and hazardous condition was known to the governing body of said defendant county.

"(b) In that said jail was maintained with the knowledge of the governing body of the defendant County with an open space or well of the depth of fifteen feet in the end of said jail, without said open space being

properly safeguarded to prevent injury and death to the inmates of said institution, especially those inmates with handicaps, mentally and physically."

The defendants Billings and Wilkes County demurred to the complaint for failure to state facts sufficient to constitute a cause of action. The defendant Indemnity Company, surety on the defendant Billings' performance bond, filed no demurrer, but its time for answering was extended by consent until after the final determination of the demurrer.

The trial court entered judgment sustaining the demurrer and dismissing the action as to Wilkes County, and sustaining the demurrer, with leave granted the plaintiff to amend, as to the defendant Billings.

From the judgment so entered the plaintiff appeals.

*W. H. McElwee, Jr., and Trivette, Holshouser & Mitchell for plaintiff, appellant.*

*Whicker & Whicker and Hayes & Hayes for defendants, appellees.*

JOHNSON, J. The doctrine of governmental immunity, which shields a county and its innocent taxpayers from liability for the negligence of its officers in the exercise of governmental (as distinguished from proprietary) functions, obtains with all its rigor in this jurisdiction. *Jones v. Commissioners,* 130 N.C. 451, 42 S.E. 144; *Keenan v. Commissioners,* 167 N.C. 356, 83 S.E. 556; *Rhodes v. Asheville,* 230 N.C. 134, 141, 52 S.E. 2d 371. Our decisions are in accord with the great weight of authority elsewhere: 14 Am. Jur., Counties, Sections 48, 49, and 50; 20 C.J.S., Counties, Sections 215 and 220.

A county acts in a purely governmental capacity in erecting and maintaining a jail, and is therefore not liable to a person imprisoned or locked up therein for injuries sustained by reason of its improper construction or negligent maintenance. See *Manuel v. Commissioners,* 98 N.C. 9, 3 S.E. 829; 41 Am. Jur., Prisons and Prisoners, Sec. 18; Annotations: 46 A.L.R. 94; 61 A.L.R. 569.

True, as an exception to the general rule that the State and its subordinate divisions of government are immune from tort liability, we have a line of decisions which recognizes the principle enunciated in *Lewis v. Raleigh,* 77 N.C. 229, to the effect that a municipality is liable for injuries proximately caused by its negligent construction or maintenance of a prison or lockup. See *Moffitt v. Asheville,* 103 N.C. 237, 9 S.E. 695; *Shields v. Durham,* 116 N.C. 394, 21 S.E. 402; *S. c.,* 118 N.C. 450, 24 S.E. 794; *Coley v. Statesville,* 121 N.C. 301, 28 S.E. 482; *Nichols v. Fountain,* 165 N.C. 166, 80 S.E. 1059; *Hobbs v. Washington,* 168 N.C. 293, 84 S.E. 391; *Parks v. Princeton,* 217 N.C. 361, 8 S.E. 2d 217; *Dixon*

*v. Wake Forest,* 224 N.C. 624, 31 S.E. 2d 853; *Gentry v. Hot Springs,* 227 N.C. 665, 44 S.E. 2d 85.

However, in *Manuel v. Commissioners, supra* (98 N.C. 9), this Court refused to extend the doctrine of *Lewis v. Raleigh* so as to make it applicable to counties, and we are not disposed in the instant case to so extend the scope of this exception to the general rule of nonliability, which according to the text writers obtains in no other jurisdiction. 41 Am. Jur., Prisons and Prisoners, Sec. 18; Annotation, 46 A.L.R. 94, 97 *et seq.* See also *Shaw v. Charleston,* 57 W. Va. 433, 50 S.E. 527.

The judgment sustaining the demurrer and dismissing the action as to Wilkes County will be upheld. *Scott v. Veneer Co., ante,* 73.

This brings us to a consideration of the sufficiency of the allegations as to the defendant Billings, Sheriff and custodian of the Wilkes County jail. Our study of the complaint leaves the impression that the allegations thereof when liberally construed in favor of the plaintiff, as is the rule on demurrer, are sufficient to state a cause of action for negligence against the defendant Sheriff and overthrow the demurrer as to him. See *Dunn v. Swanson,* 217 N.C. 279, 7 S.E. 2d 563; *Davis v. Moore,* 215 N.C. 449, 2 S.E. 2d 366; 47 Am. Jur., Sheriffs, Police, and Constables, Sections 26 and 42; G.S. 162-22; G.S. 109-34.

The results, then, are:

As to the defendant County of Wilkes: Affirmed.

As to the defendant Billings: Reversed.