### W. S. CROOM v. TOWN OF BURGAW.

(Filed 6 March 1963.)

**Municipal Corporations § 10—**

> A municipality may not be held liable for injuries inflicted by its police officer in assaulting a person arrested by him, notwithstanding allegations that the police officer was an agent of the municipality and that the municipality was negligent in failing to exercise ordinary care in the selection of its police officers, since a municipalty may not be held liable in tort for acts committed by its agent in the performance of a governmental duty.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Bone, J.,* November Civil Term 1962 of PENDER.

This is an action instituted against the Town of Burgaw to recover for damages for an alleged unlawful assault upon the plaintiff by Porter Ward, Chief of Police of the Town of Burgaw, which assault resulted in serious bodily injuries to the plaintiff.

Plaintiff alleged that at all times pertinent to the matters about which he complains, the said Porter Ward "was the agent, servant and

employee of the defendant Town of Burgaw, and was about his master's business and acting within the scope of his employment."

The plaintiff further alleged that the defendant was grossly negligent in that said Chief of Police was not qualified by experience or training to perform the duties of a police officer; that the defendant was negligent in that it failed to use ordinary care in the selection of said Porter Ward for the office of Chief of Police; that had the defendant used due care in investigating the qualifications of said officer it would have found that he was a person of bad character and reputation and who had a criminal record.

The defendant demurred to the complaint, for that "It appears on the face of the complaint that said cause of action, if any, as is alleged against this defendant is within the governmental immunity of this defendant as a municipal corporation and, hence, this defendant is not liable in damages therefor and is exempt from liability thereon."

When the matter came on for hearing, the plaintiff filed a motion to make Porter Ward and the members of the Town Council of Burgaw, individually, parties defendant.

Before passing upon the motion to make additional parties defendant, the court proceeded to hear and pass upon the demurrer.

After considering the complaint, the demurrer, and the argument of counsel for the respective parties, the court sustained the demurrer, dismissed the action and denied the motion to make additional parties.

Judgment was entered accordingly and the plaintiff appeals, assigning error.

*Lonnie B. Williams and Otto K. Pridgen, II, for plaintiff appellant. Corbett & Fisler; Summersill & Browning, for defendant appellee.*

PER CURIAM. It has been uniformly held by this Court that a municipality while acting in its governmental capacity, pursuant to legislative authority conferred by its charter, or in discharging a duty imposed for the public benefit, such corporation is not liable for the torts of its officers, unless there is a statute which subjects it to liability therefor.

A police officer duly appointed by a municipality is not an agent or servant of the city or town in the sense that the doctrine of *respondeat superior* applies. A municipality is not liable in tort for the wrongful acts of its police officers committed in connection with the performance of their duties as such officers. *McIlhenney v. Wilmington,* 127 N.C. 146, 37 S.E. 187, 50 L.R.A. 470; *Parks v. Princeton,* 217 N.C. 361, 8 S.E. 2d 217; *Gentry v. Hot Springs,* 227 N.C. 665, 44 S.E. 2d 85.

The judgment of the court below is
Affirmed.

MOORE, J. took no part in the consideration or decision of this case.