**Christopher Bradley LAWSON,
Plaintiff,**

v.

**Matthew TONEY; Deborah Bryant, R.N.; Stephanie Madden, R.N.; Worth Hill, Sheriff of Durham County; Hartford Fire Insurance Company, Surety on Sheriff's Bond; Durham County; and Unknown Officers, Defendants.**

**No. 1:01CV00533.**

United States District Court, M.D. North Carolina.

Oct. 12, 2001.

---

Marvin Sparrow, Kathryn L. Vanderberg, Sparrow & Vanderberg, Durham, NC, for Plaintiff.

Curtis O. Massey, II, Durham County Atty's Office, Durham, NC, Edwin C. Bryson, Jr., Patterson, Dilthey, Clay & Bryson, L.L.P., Raleigh, NC, for Defendants.

S.C. Kitchen, Office of Durham County Atty., Durham, NC, for Durham County.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiff Christopher Bradley Lawson filed this action on May 25, 2001, alleging claims under 42 U.S.C. § 1983 ("Section 1983") and the common law of North Carolina against multiple defendants. In general, Plaintiff alleges that he was assaulted while confined in the Durham County Detention Facility ("Detention Facility"), as a result of Defendants' negligence and deliberate indifference.

This matter is before the court on a joint motion to dismiss by Defendants Hill and Hartford Fire Insurance Company ("Hartford Insurance"), a motion for sanctions by Defendant Hill, a motion to dismiss by Defendant Durham County, and a motion for costs and to stay further proceedings by Defendant Toney. For the following reasons, the court will grant the joint motion to dismiss by Defendants Hill and Hartford Insurance, deny Defendant Hill's motion for sanctions, grant Defendant Durham County's motion to dismiss, and deny Defendant Toney's motion for costs and stay of proceedings.

## FACTS

Pursuant to a court order, Plaintiff was serving his time on weekends and was incarcerated at the Detention Facility on the evening of May 26, 2000. At approximately 1:00 a.m. on May 27, 2000, two other inmates, Turrentine and Saunders, threatened Plaintiff in the presence of Defendant Toney, a Detention Facility guard. Plaintiff asked Defendant Toney to move him to another cell because of the threats. Defendant Toney refused. At 5:30 a.m. on May 27, 2000, Turrentine again threatened Plaintiff within hearing range of Defendant Toney. Approximately one-half hour later, Turrentine struck Plaintiff within a few feet of the officer's desk, breaking Plaintiff's jaw.

Detention Facility guards escorted Plaintiff to the medical station. Defendant Bryant, a Detention Facility nurse, ordered an x-ray. An x-ray was taken at 9:30 a.m., and Plaintiff was told that the results would be in by 1:00 p.m. Later, Defendant Madden, a Detention Facility nurse, gave Plaintiff Motrin for the pain. Plaintiff received no further medical attention until he was taken to Duke Hospital at 6:45 p.m. New x-rays were taken at Duke Hospital which indicated that Plaintiff's jaw was broken. On May 31, 2000, after his release from the Detention Facility, Plaintiff went back to Duke Hospital for a follow-up appointment and his jaw was wired shut.

The Detention Facility has a written classification policy that governs where

and with whom inmates are housed. Under the classification policy, each inmate is to be classified upon admission to the Detention Facility. Any dangerous or violent inmates or inmates with outstanding detainers from other jurisdictions should be considered maximum security. Weekend inmates should be considered minimum security. Any inmate with mental health problems or disabling medical conditions should be housed in special needs/medical housing. Within seventy-two hours of the initial classification, the policy requires a more formal classification.

Plaintiff alleges that failure of the Detention Facility to properly classify Turrentine and him was the proximate cause of his injury. Plaintiff was housed with the general population in Cell Block 3B. Plaintiff, however, suffers from a seizure disorder and claims that he is bipolar. Plaintiff alleges that Detention Facility officials did not complete classification forms for him and that he should have been housed in special housing as a result of his medical conditions. Turrentine was also housed in Cell Block 3B. Turrentine was awaiting trial on eight counts of armed robbery and eight counts of kidnapping, was awaiting extradition to California, had a bond of $250,000.00, and was known to be a "troublemaker." (Fed.Compl.¶¶ 28–30). Plaintiff alleges that, according to the classification policy, Turrentine should have been assigned to maximum security.

On October 5, 2000, Plaintiff initiated a cause of action in North Carolina state court against several defendants, including Defendant Hill (Durham County Sheriff), Defendant Hartford Insurance (surety on Defendant Hill's bond), and Defendant Toney (Detention Facility guard). Plaintiff filed an amended complaint in state court on December 15, 2000. Among other claims, Plaintiff asserted the following claims in his amended state complaint:

(24) Defendant Toney was negligent in failing to take any action in response to [Plaintiff's] request to be moved, or in response to the threats that he [had] heard directed at [Plaintiff] from inmate Turrentine . . . .

(28) Defendants Hill and Hartford Insurance are liable to Plaintiff under the doctrine of respondeat superior for the negligence of Defendants Toney, Bryant, Madden, and John Doe.

(29) Defendants Hill and Hartford Insurance are liable to Plaintiff for negligently failing to establish and maintain (1) an adequate system for providing prompt medical attention to inmates injured at the jail; and (2) an adequate system for classification of weekend inmates.

(30) Defendant Toney was deliberately indifferent to the threat of violence to Plaintiff, and is liable to Plaintiff under 42 U.S.C. § 1983, for a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

(State Am. Compl. ¶¶ 24, 28–30).

On December 22, 2000, Defendant Hill filed a motion to dismiss Plaintiff's state claims against him. Defendant Hill moved to have the negligence and *respondeat superior* claims against him dismissed for failure to state a claim upon which relief can be granted. Defendant Hill also asserted the defense of public official immunity to the claims made against him in his individual capacity and sovereign immunity for claims asserted against him in his official capacity in excess of $25,000.00.[1] The state trial court granted all of Defendant Hill's motions and involuntarily dismissed each of Plaintiff's claims against Defendant Hill.

---

1. Defendant Hill purchased a bond from Defendant Hartford Insurance in the amount of

$25,000.00 to guarantee that Hill will faithfully and truly perform the duties of his office as

On January 26, 2001, Defendant Toney filed a motion to dismiss in state court. Two days before the hearing, however, Plaintiff filed a notice of voluntary dismissal without prejudice to all remaining defendants.

Plaintiff subsequently filed a complaint in federal court on May 25, 2001. The federal complaint generally alleges the same facts as the amended state complaint. Among others, Plaintiff made the following claims:

(34) Defendant Toney ... demonstrated deliberate indifference to the risk of assault upon Plaintiff, resulting in Plaintiff's serious injuries, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

(35) Defendants Hill and Durham County, through their failed classification policy and/or practice and custom, ... demonstrated deliberate indifference to the risk of assault upon Plaintiff, resulting in Plaintiff's serious injuries, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

. . . .

(37) Defendants Toney and Hill ... were negligent under North Carolina law, resulting in Plaintiff's injuries from the assault. By law, the acts and omissions of Defendant Toney are imputed to Defendant Hill.... Defendant Hartford Insurance, as surety on the sheriff's bond, is liable to Plaintiff for the negligent acts of Defendants Toney and Hill.

(Fed.Compl.¶¶ 34–35, 37).

## DISCUSSION

A. *Defendant Hill's Motion to Dismiss*

 Federal courts asked to give preclusive effect to a state court judgment are bound by the Full Faith and Credit Act, 28 U.S.C. § 1738, to apply the law of the rendering state to determine whether and to what extent the state court judgment should have preclusive effect in the federal court action. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus, the question presented is whether, if the present action was pending in a North Carolina state court, North Carolina courts would give preclusive effect to the earlier state court judgment granting Defendant Hill's motion to dismiss.

 Under the doctrine of claim preclusion, or *res judicata*, a final judgment on the merits in a prior action in a court of competent jurisdiction precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). Thus, the essential elements of claim preclusion are: (1) a final judgment on the merits in an earlier lawsuit; (2) an identity of the cause of action in both actions; and (3) an identity of parties or their privies in both actions. *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985).

 In the present case, the state court reached a final judgment on the merits. Although a Rule 12(b)(6), N.C.R. Civ. P., dismissal does not reach the merits of the complaint, it acts as an adjudication on the merits and precludes a plaintiff from refiling a claim unless the dismissal was without prejudice. *Dawson v. Allstate Ins. Co.*, 106 N.C.App. 691, 693, 417 S.E.2d 841, 842 (1992); *Fayetteville Investors v. Commercial Bldrs., Inc.*, 936 F.2d 1462, 1471 (4th Cir.1991) ("a dismissal under [Feder-

Sheriff of Durham County. (Fed.Compl.¶¶ 8, 37).

al] Rule [of Civil Procedure] 12(b)(6) is accorded *res judicata* effect").

In determining whether the same claim exists in both actions, federal courts have generally adopted the transactional approach. *See Bockweg v. Anderson,* 333 N.C. 486, 493, 428 S.E.2d 157, 162 (1993); *e.g., Meekins v. United Transp. Union,* 946 F.2d 1054, 1058 (4th Cir.1991) (stating that the Fourth Circuit has adopted a transactional approach). Under the transactional approach, "all issues arising out of a transaction or series of transactions must be tried together as one claim." *Bockweg,* 333 N.C. at 493, 428 S.E.2d at 162.

■ Although North Carolina courts have not conclusively adopted the transactional approach, the courts have applied key concepts. *See Davenport v. North Carolina Dep't of Transp.,* 3 F.3d 89, 95 (4th Cir.1993). For example, the transactional approach "is appropriately applied only when the procedural rules afford parties ample opportunity to litigate in a single lawsuit, all claims arising from a transaction or series of transactions." *Ballance v.. Dunn,* 96 N.C.App. 286, 291, 385 S.E.2d 522, 525 (1989). Furthermore, "all damages incurred as a result of a *single wrong* must be recovered in one lawsuit." *Bockweg,* 333 N.C. at 492, 428 S.E.2d at 162. Finally, "subsequent actions which attempt to proceed by asserting a new legal theory or by seeking a different remedy are prohibited under the principles of *res judicata.*" *Bockweg,* 333 N.C. at 494, 428 S.E.2d at 164.

The court must now apply these principles to the present action. In doing so, the court concludes that the Plaintiff's state and federal claims are identical for claim preclusion purposes.

■ First, the Plaintiff's federal claim against Defendant Hill for negligence in failing to establish and maintain an adequate system for providing prompt medical attention to inmates and an adequate system for classifying inmates is identical to Plaintiff's state claim against Defendant Hill for negligence.[2] Not only are the underlying facts the same, but the theory of liability is also identical.

■ Second, Plaintiff's federal claim against Defendant Hill for the imputed negligence of Defendant Toney is essentially the same as Plaintiff's state claim under *respondeat superior.* Although Plaintiff relies on different labels, both claims seek to impute Defendant Toney's negligence to Defendant Hill and rely on the same factual allegations. In dismissing the state claim, the state court relied on the fact that the doctrine of *respondeat superior* does not apply to the State or its subdivisions when discharging a government duty. *Gentry v. Town of Hot Springs,* 227 N.C. 665, 666, 44 S.E.2d 85, 86 (1947). Otherwise, it "would be impossible to say where the liability of a municipal corporation would end, or how heavy a burden might be imposed on those who sustain its existence." *Id.* This principle applies whether a claim is labeled as *respondeat superior* or imputed negligence. Therefore, Plaintiff's imputed negligence claim is identical to the state *respondeat superior* claim for claim preclusion purposes.

---

**2.** Plaintiff asserts that he did not raise a negligence claim against Defendant Hill in his federal complaint. (Pl.'s Resp. to Mot. to Dismiss by Def. Hill and Hartford Fire Insurance at 14). The plain language of Plaintiff's federal complaint, however, does assert a negligence claim against Defendant Hill. (Fed.Compl.¶ 37) (stating "Defendants Toney and Hill, through their actions and omissions ..., were negligent under North Carolina law").

Third, although Plaintiff did not raise a Section 1983 claim against Defendant Hill in state court, Plaintiff's federal Section 1983 claim against Defendant Hill individually and in his official capacity should be treated as identical to Plaintiff's state negligence claim for claim preclusion purposes. In his Section 1983 claim, Plaintiff alleges that Defendant Hill was deliberately indifferent to the risk of injury to Plaintiff in the administration of the classification policy. In his state negligence claim, Plaintiff alleges that Defendant Hill was negligent in the operation of the same classification program. These claims are based on the same operative facts and Plaintiff has merely asserted a new legal theory. The fact that Plaintiff allegedly did not know that the Detention Facility misclassified Turrentine at the time of filing his state cause of action does not change this result. Plaintiff has not claimed a separate and distinct injury resulting from independent acts. Plaintiff alleges the same injury, which resulted from a single wrong. Thus, Plaintiff's Section 1983 claim is identical to the state negligence claim for claim preclusion purposes.

The final requirement for claim preclusion is identity of parties or their privies in both actions. Both Plaintiff and Defendant Hill were parties to the state and federal actions.

Each of the elements of claim preclusion are present in the current action. First, there was a final judgment on the merits in the prior action. Second, there was identity of the causes of action. Third, there was identity of parties in both actions. Therefore, each of Plaintiff's claims against Defendant Hill is precluded.

Even assuming, *arguendo*, that Plaintiff's negligence and Section 1983 claims against Defendant Hill are not precluded, these claims fail to state a claim upon which relief can be granted. A court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Even after accepting all well-pleaded allegations in Plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in Plaintiff's favor, Plaintiff has not stated a claim upon which relief can be granted. Plaintiff alleges that Defendants Hill and Durham County were responsible for flaws in the classification policy that resulted in Plaintiff's injury. (Fed.Compl.¶ 32). Plaintiff also alleges that, by allowing these poor classification practices to continue, Defendants Hill and Durham County adopted these practices as Durham County policy. (Fed.Compl.¶ 32). Despite these allegations, Plaintiff has neither alleged that Defendant Hill was aware of the classification problem nor that he should have been aware of the classification problem. Plaintiff also fails to allege that Defendant Hill neglected to supervise Detention Facility employees. Plaintiff has essentially alleged no wrongdoing of Defendant Hill and relies simply on the allegation that Defendant Hill is liable because he is Sheriff of Durham County. Therefore, Plaintiff's allegations are insufficient to state a claim for negligence or under Section 1983 for deliberate indifference to Plaintiff's constitutional rights.

### B. *Defendant Hill's Motion for Sanctions*

Rule 11 forbids lawyers and parties from submitting signed documents that are "presented for any improper purpose, such as to harass or to cause unnec-

essary delay or needless increase in the cost of litigation" or that are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. If an attorney or party violates Rule 11, the district court may impose an appropriate sanction. *Id.* The test for whether an attorney has violated Rule 11 is "whether a reasonable attorney in like circumstances could believe his actions to be factually and legally justified." *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987). In the sometimes difficult arena of Section 1983 litigation, the court cannot say that Plaintiff made an unreasonable or frivolous argument that his claims were neither barred by claim preclusion nor failed to state a claim for relief. The court will deny Defendant Hill's motion for sanctions.

### C. *Defendant Hartford Insurance's Motion to Dismiss*

■ Claim preclusion applies not only to actual parties to the litigation but those in privity with one of the actual parties. *Hogan,* 315 N.C. at 135, 337 S.E.2d at 482. Because Defendant Hartford Insurance is in privity with Defendant Hill, all claims against Defendant Hartford Insurance are also precluded.

■ The meaning of "privity" for the purpose of claim preclusion is "somewhat elusive ... [and] '[t]here is no definition of the word "privity" which can be applied in all cases.'" *Hales v. North Carolina Ins. Guar. Ass'n,* 337 N.C. 329, 333–34, 445 S.E.2d 590, 594 (1994) (quoting *Masters v. Dunstan,* 256 N.C. 520, 524, 124 S.E.2d 574, 577 (1962)). "In general, privity involves a person so identified in interest with another that he represents the same legal right" previously represented at trial. *State ex rel. Tucker v. Frinzi,* 344 N.C. 411, 417, 474 S.E.2d 127, 130

(1996). The prevailing definition of privity for claim preclusion purposes is "a mutual or successive relationship to the same rights of property." *Hales,* 337 N.C. at 334, 445 S.E.2d at 594.

■ Suretyship creates a " 'contractual relation whereby one person engages to be answerable for the debt of another.'" *Colonial Am. Nat'l Bank v. Kosnoski,* 617 F.2d 1025, 1029 at n. 8 (4th Cir.1980) (Murnaghan, J., dissenting) (quoting *Restatement (Security),* § 83 comment g). Because Defendants Hill and Hartford Insurance have a mutual relationship in Defendant Hill's bond, the Defendants are in privity, and the imputed negligence claim against Defendant Hartford Insurance is precluded.

### D. *Defendant Durham County's Motion to Dismiss*

Plaintiff is suing Defendant Durham County under Section 1983. Plaintiff alleges that the failed classification policy demonstrated deliberate indifference to the risk of assault on Plaintiff.

■ Defendant Durham County may be held liable under Section 1983 if Plaintiff suffered a deprivation of his federal rights and Defendant Hill's actions constituted official county policy. *See Carter v. Morris,* 164 F.3d 215, 218 (4th Cir. 1999). However, because all claims against Defendant Hill are barred by claim preclusion, no omission of Defendant Hill can be imputed to Defendant Durham County. Furthermore, Plaintiff has not alleged a separate basis of liability against Durham County. Therefore, the court will dismiss the Section 1983 claim against Defendant Durham County for failure to state a claim upon which relief can be granted.

### E. *Defendant Toney's Motion for Costs and Stay of Proceedings*

Rule 41(d) provides that, when a plaintiff voluntarily dismisses a case in one jurisdiction and then refiles the same or a similar case in another jurisdiction, the court may stay the second action until a plaintiff pays a defendant's costs of the first action. Fed.R.Civ.P. 41(d).

In the present case, Defendant Toney is seeking to include attorney's fees within the award of costs. However, because the plain language does not explicitly provide for attorney's fees, "costs" under Rule 41(d) do not include attorney's fees. *See Marek v. Chesny*, 473 U.S. 1, 8–9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (stating that exclusion from a statute of any mention of attorney's fees bears significantly on the determination of whether the award of such fees was intended); *see also Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir.2000) (holding that Rule 41(d) does not include attorney's fees because the rule does not explicitly provide for them). Although the purposes of Rule 41(d), which are to discourage forum shopping and prevent vexatious litigation, are severely compromised by not including attorney's fees, the court is not writing on a clean slate and must follow the plain language of the rule. Because Defendant Toney did not seek any costs, excluding attorney's fees, the action against Defendant Toney may proceed.

### CONCLUSION

For the reasons set forth in this opinion, the court will grant the joint motion to dismiss by Defendants Hill and Hartford Insurance, deny Defendant Hill's motion for sanctions, grant Defendant Durham County's motion to dismiss, and deny Defendant Toney's motion for costs and stay of proceedings.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.