Donald L. GARREN and James A.
Eddinger, Appellants,

v.

CITY OF WINSTON–SALEM, NORTH
CAROLINA, Appellee.

No. 14562.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 9, 1970.

Decided March 2, 1971.

Renn Drum, Drum, Liner & Redden, Winston-Salem, N. C. (Norman B. Smith, Smith & Patterson, Greensboro, N. C., on the brief) for appellants.

William F. Womble and John L. W. Garrou, Winston-Salem, N. C. (of counsel: Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, MURRAH*, Senior Circuit Judge, and CRAVEN, Circuit Judge.

MURRAH, Senior Circuit Judge.

The decision of Winston-Salem to locate a sanitary landfill (also referred to as a garbage dump) in proximity to plaintiffs' property resulted in this suit for declaratory and injunctive relief which the trial court denied. The undisputed facts are that the Board of Aldermen of Winston-Salem, acting on the recommendation of the City-County Planning Board, rezoned eighty-five acres of city land located outside its territorial limits from residental to industrial use. A sanitary landfill is a permitted use only under the rezoned classification.

Both general and local public acts of the General Assembly of North Carolina authorize the exercise of the extra-territorial zoning powers asserted by Winston-Salem in this case.[1] These powers are exercised by the Board of Aldermen

* Of the Tenth Circuit sitting by designation.

1. North Carolina General Statutes § 160–181.2; Laws 1947, Ch. 677, § 23; Laws 1953, Ch. 777, § 1.

who are elected only by the residents of Winston-Salem.

Garren and Eddinger bring this suit in behalf of themselves and all other persons residing within the one mile extraterritorial zoning area and particularly all persons who will suffer alleged irreparable harm by construction of the landfill. As we read it, the Complaint alleges in substance and effect that Section 160–181.2, North Carolina General Statutes, deprives plaintiffs of the equal protection of the laws by subjecting them to the zoning powers of the Board of Aldermen while denying them the right to vote in aldermanic elections thus working an irreparable injury to their property rights for the redress of which no adequate remedy at law is available.

As explicated in argument and brief, we read the prayer to seek (1) a declaration of unconstitutionality of the special act to the extent and only to the extent that it grants the City of Winston-Salem extraterritorial zoning powers without according nonresident citizens who are affected thereby the right of representation in the aldermanic elections for those who exercise such extra-territorial powers and (2) injunctive relief against enforcement of the rezoning ordinance as an unconstitutional exercise of those powers. No attack is made on the face of the general statutes.

Jurisdiction is asserted under the Civil Rights Act, 42 U.S.C. Section 1983, and 28 U.S.C. Section 1343(3), which specifically confers federal jurisdiction over claims arising under Section 1983. The Complaint does not undertake to allege the requisite amount in controversy to confer federal question jurisdiction under 28 U.S.C. Section 1331.

Upon trial, Judge Gordon dismissed the suit because (1) a municipality is not a person within the meaning of 42 U.S.C. Section 1983 and (2) the action complained of is in the nature of an annexation as to which the one man-one vote requirement of the Equal Protection Clause as vitalized in the reapportionment cases is inapplicable. We affirm the judgment but for different reasons than those stated in the trial judge's opinion.

■ Judge Craven, speaking for a three judge court in Atkins v. City of Charlotte, 296 F.Supp. 1068 (W.D.N.C.), held that 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343(3) may be invoked against a municipality where the only relief sought is injunctive or declaratory in nature to redress the deprivation of a civil right. Only declaratory and injunctive relief is sought here. And we hold with Atkins v. City of Charlotte, supra, that Winston-Salem is a person within the meaning of Section 1983 amenable to a claim for equitable redress founded upon the alleged deprivation of a civil right.

But we are nevertheless convinced by the heavy weight of the case law that plaintiffs have not stated a claim cognizable under Section 1983 for which jurisdiction is conferred by Section 1343(3). The language of Section 1983 granting redress for the deprivation of any right, privilege or immunity has been consistently construed to embrace only a right, privilege or immunity pertaining to "personal liberty, not dependent for its existence upon the infringement of property rights," i.e. see Hague v. Committee for Industrial Organization, 307 U.S. 496 at 531, 59 S.Ct. 954 at 971, 83 L.Ed. 1423 (Mr. Justice Stone's opinion); Weddle v. Director, Patuxent Institution, 436 F.2d 342 (4th Cir.). See also Eisen v. Eastman, 421 F.2d 560 (2d Cir.); Howard v. Higgins, 379 F.2d 227 (10th Cir.); Bradford Audio Corporation v. Pious, 392 F.2d 67 (2d Cir.); City of Boulder v. Snyder, 396 F.2d 853 (10th Cir.); Martin v. King, 417 F.2d 458 (10th Cir.); Willis v. Reddin, 418 F.2d 702 (9th Cir.). "Where, as here, the infringement is one solely of property rights, § 1331 is the applicable jurisdictional statute, and jurisdiction may be sustained only upon satisfaction of the amount in controversy requirement." Weddle v. Director, Patuxent Institution, supra, 436 F.2d at 343.

Plaintiffs do not seek to vindicate a suffrage right either by compelling their participation in aldermanic elections or in any other manner. The suffrage right is presented only in the context of alleged impairment of a property right and seeks only the vindication of that interest.

The trial court properly dismissed the Complaint for failure to state a claim cognizable under Section 1983. The judgment is affirmed.