**Charles K. BRYANT, Plaintiff,**

v.

**J. E. MULLINS et al., Defendants.**

**No. 71–C–5–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 8, 1972.

Carl W. Newman, Shannon & Newman, Appalachia, Va., for plaintiff.

Don R. Pippin, Norton, Va., G. R. C. Stuart, Abingdon, Va., for J. E. Mullins and Harold Markham.

Kenneth P. Asbury, Wise, Va., for W. C. Lambert.

Leslie M. Mullins, Norton, Va., for Town of Coeburn.

## OPINION

WIDENER, Chief Judge.

Plaintiff, a citizen of Michigan, claims $100,000.00 in damages against the defendant, Town of Coeburn, Virginia, as well as $100,000.00 in damages against defendants Markham and Lambert and $100,000.00 in damages against defendant Mullins. The plaintiff's complaint alleges that the defendant, Town of Coeburn, Virginia, employed defendant W. C. Lambert as its Mayor, defendant Harold Markham as its Police Chief and defendant J. E. Mullins as one of its police officers. Plaintiff claims that all the defendants are citizens of Virginia. He alleges that the Town of Coeburn was negligent in that it failed to properly select, train, instruct, supervise, and control the defendants W. C. Lambert, Harold Markham, and J. E. Mullins. Plaintiff claims that as a result of such negligence by the Town of Coeburn and the negligence of defendants Lambert and Markham to properly train and supervise officer Mullins, that the defendant Mullins, on May 19, 1970, in the Town of Coeburn, Virginia, while acting in his official capacity as a police officer, unlawfully and intentionally assaulted and beat the plaintiff with a large flashlight, and then arrested and imprisoned him. The plaintiff contends that he was deprived of his rights to liberty and property under the common law, under 42 U.S.C. § 1983, and under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Thus, he contends that this court has diversity jurisdiction under 28 U.S.C. § 1332 and jurisdiction pursuant to 28 U.S.C. § 1343(3) since plaintiff alleges a violation of his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.

The defendant, Town of Coeburn, has moved to dismiss plaintiff's complaint

pursuant to F.R.Civ.P. 12(b)(1) in that this court does not have jurisdiction of the subject matter in the case, or under F.R.Civ.P. 12(b)(6) in that, even if there may be federal jurisdiction, plaintiff's complaint fails to state a claim on which relief can be granted.

Plaintiff's complaint is sufficient to give this court diversity jurisdiction under 28 U.S.C. § 1332, since he alleges that he is a citizen of Michigan, all defendants are citizens of Virginia, and the amount in controversy exceeds $10,000.00. Under diversity jurisdiction, this court must look to the substantive law of Virginia to determine if plaintiff's complaint states a claim upon which relief can be granted. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

█ Under Virginia law, a municipality has a two-fold character, one governmental and one proprietary. When the municipality is acting in its governmental capacity, it is considered an agency of the state and is not liable for damages to an individual who is injured by the wrongful act of a servant, officer, or employee of the municipality while such person is engaged in the performance of a governmental function. Franklin v. Town of Richlands, 161 Va. 156, 170 S. E. 718 (1933); Hoggard v. City of Richmond, 172 Va. 145, 200 S.E. 610 (1939). On the other hand, if the municipality is acting in a proprietary capacity, it may be liable in tort the same as an individual or private corporation. Hoggard v. City of Richmond, supra. Thus, the specific question presented here is whether the Town of Coeburn was acting in a governmental or proprietary capacity in the operation and maintenance of its police force.

█ In *Hoggard*, the Virginia Supreme Court said: "This court has held that a municipal corporation acts in its governmental capacity in . . . maintaining a police force."[1] In Virginia, thus, the operation and maintenance of a police force by a municipality is a governmental function. This is in accord with the general rule as stated in Ann. 88 A.L.R.2d 1330, at 1333, that, absent statute, a municipal corporation is not liable for injuries resulting from the use of excessive force by its police officers while in the performance of their duties. The rule is variously based on the theories that, in maintaining a police force, a city is exercising a governmental function, or that the use of excessive force by a police officer is not within the scope of his duty or employment. Further support is found in North Carolina in a case very similar to the instant case. In Croom v. Town of Burgaw, 259 N.C. 60, 129 S.E.2d 586 (1963), plaintiff sued the town for damages resulting from an alleged unlawful assault upon the plaintiff by the police chief while in the performance of his official duties. The court held that, absent statute, a municipality is not liable in tort for the wrongful acts of its police officers committed while in the performance of their duties. It is the opinion of this court that the Town of Coeburn, in operating and maintaining its police force, was acting in a governmental capacity and is not liable in tort for damages suffered by plaintiff in the alleged unlawful assault and battery upon him by the town's police officer, J. E. Mullins. If the operation of a police force is not a governmental function, then a governmental function may not exist. Hence, defendant's motion to dismiss plaintiff's complaint for failure to state a claim under the common law upon which relief can be granted is well taken.

Plaintiff also alleges that he was deprived of his rights to liberty and property under 42 U.S.C. § 1983, and under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States. The court construes this to mean that plaintiff is alleging a deprivation of his Constitutional rights under color of state law and is basing his claim for relief upon 42 U.S.C. § 1983. This court has jurisdiction of such claims by virtue of 28 U.S.C. §

[1]. See also, City of Winchester v. Redmond, 93 Va. 711, 716, 25 S.E. 1001 (1896).

1343(3). The motion to dismiss raises the question whether plaintiff's complaint states a claim for relief under 42 U.S.C. § 1983 upon which relief can be granted.

The statute, 42 U.S.C. § 1983, gives one a right to maintain a civil action against every *person* who, under color of state law, deprives him of any rights, privileges, or immunities secured him by the Constitution and laws of the United States. In the present case, the plaintiff has alleged such a deprivation of his rights by all the defendants and the only question presented by the motion to dismiss is whether a municipal corporation is a person within the meaning of 42 U. S.C. § 1983, when the only relief sought is monetary.

Judge Craven, speaking for a three judge court in Atkins v. City of Charlotte, 296 F.Supp. 1068 (W.D.N.C.1969), held that a municipal corporation is a person within the meaning of 42 U.S.C. § 1983, where the only relief sought is injunctive or declaratory in nature to redress the deprivation of a civil right. The court further stated that a municipality is not a person within the meaning of the statute where the action brought is one to recover monetary damages, citing *Monroe*, infra. Judge Craven's opinion was followed by the Fourth Circuit in Garren v. City of Winston-Salem, North Carolina, 439 F. 2d 140 (4th Cir. 1971), vacated and remanded on other grounds, 405 U.S. 1052, 92 S.Ct. 1489, 31 L.Ed.2d 787. There, the court, relying on *Atkins*, held that the City of Winston-Salem was a person within the meaning of the statute since the only relief sought by the plaintiffs was injunctive and declaratory. The Supreme Court has held that a municipality is not a person within the meaning of § 1983 when monetary relief is sought by the plaintiff. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961). In that case, the Supreme Court, after reviewing the legislative history of § 1979 (now § 1983), said that it did not believe Congress intended the word persons in § 1983 to include municipalities. Since this decision, some lower federal courts have read an exception into *Monroe*, that a municipality is a person within the meaning of § 1983 where the only relief sought is declaratory or injunctive. Garren v. City of Winston-Salem, North Carolina, supra.

Plaintiff, relying on the recent case of Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), U.S.App.Pndg., seeks to have this court expand on the above mentioned exception to *Monroe*. In that case, the Court of Appeals for the District of Columbia held that a suit for damages could be maintained against the District of Columbia under § 1983. The court said that *Monroe* "held only that § 1983 does not authorize a suit for damages against a municipality which has been clothed in immunity by its parent state." 447 F.2d at 369. The court then gave two reasons for holding that the District of Columbia could be sued under § 1983. First, the court held that, where local law had abolished or narrowed the scope of municipal immunity, the scope of immunity under § 1983 should follow the local rule. The second reason was that the District of Columbia was unique and that the considerations that led to the *Monroe* decision have no application to the District of Columbia. 447 F.2d at 370. The Seventh Circuit disagrees with the position taken by *Carter*, supra. It has held that *Monroe* is a binding statutory construction, not dependent upon state law immunity, and establishes that § 1983 does not impose liability for damages upon a municipality. See Ries v. Lynskey, 452 F.2d 172 (7th Cir. 1971); Yumich v. Cotter, 452 F.2d 59 (7th Cir. 1971), U.S.App.Pndg.

This court is of opinion that *Ries* states the correct interpretation of *Monroe*. Thus, the court holds that a municipal corporation is not a person within the meaning of § 1983 when the only relief sought by the plaintiff is monetary.

It should also be noted that since the court has held that the defendant, Town of Coeburn, Virginia, is immune from

**1286**

tort liability under Virginia law, the defendant, even under the view of Carter v. Carlson, supra, would not be considered a person under § 1983.[2]

The recent decision by the Supreme Court in Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L. Ed.2d 424 (1972), has no application to the present case. In that case, the Supreme Court held that there was no jurisdictional distinction between personal liberties and property rights under 28 U.S.C. § 1343(3). The court did not deal with the meaning of the word person in 42 U.S.C. § 1983.

An order is this day entered consistent with this opinion.

---

2. The court in Carter v. Carlson, supra, held that "§ 1983 does not authorize a suit for damages against a municipality

which has been clothed in immunity by its parent state." 447 F.2d at 369.