**Sharon S. JONES**

v.

**DINWIDDIE COUNTY SCHOOL BOARD OF DINWIDDIE COUNTY, VA., et al.**

Civ. A. No. 291–73–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 12, 1974.

---

Donald K. Butler, Cole, Wells, Morano, Axselle & Johnson, Richmond, Va., for plaintiff.

Frederick T. Gray, Williams, Mullen & Christian, Chesterfield, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a white teacher formerly employed by the Dinwiddie County Pub- lic School System, seeks injunctive relief and restoration of salary lost from de- fendants' allegedly racially motivated re- fusal to extend her teaching contract following the 1970–71 school year. Ju- risdiction is alleged pursuant to 42 U.S. C. § 1983 and 28 U.S.C. § 1343. The case is presently before the Court on de- fendants' motions to dismiss and plain- tiff's response thereto. Both sides have filed memoranda supporting their re- spective positions and upon the material before it, the Court deems the matter ripe for disposition.

Counsel for defendants has moved to dismiss the Dinwiddie County School Board for lack of jurisdiction, the named defendants in their official ca- pacities for the same reason, and the suit itself for failure to state a claim cognizable under 42 U.S.C. § 1983. These defenses shall be considered seri- atim.

Defendant, Dinwiddie County School Board, argues that it is not a "person" within the meaning of 42 U.S.C. § 1983 and that it is therefore not susceptible to suit under that statute or 28 U.S.C. § 1343, its corresponding jurisdictional statute. The School Board grounds its position in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), in which the Supreme Court specifically held that "Congress did not undertake to bring municipal corporations within the ambit of § 1979." 365 U.S. at 187, 81 S. Ct. at 484. A municipal corporation, wrote Justice Douglas, "is not a 'person' within the meaning of § 1983." 365 U. S. at 191, n. 50, 81 S.Ct. at 486.

*Monroe* was an action seeking mone- tary damages from a municipality, and in the years that followed many courts, including the Appellate Court for this Circuit, read that holding as inapplicable to § 1983 actions in which the relief sought was injunctive or declaratory in nature. See, *e. g.,* Garren v. City of Winston-Salem, 439 F.2d 140 (4th Cir. 1971); Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970); Adams v. Park Ridge, 293 F.2d

585 (7th Cir. 1961). This dichotomy, however, has recently been specifically disapproved by the Supreme Court.

> We find nothing in the legislative history discussed in *Monroe,* or in the language actually used by Congress, to suggest that the generic word "person" in § 1983 was intended to have a bifurcated application to municipal corporations depending on the nature of the relief sought against them. Since, as the Court held in *Monroe,* "Congress did not undertake to bring municipal corporations within the ambit of" § 1983, 365 U.S. at 187, 81 S. Ct. 473, 484, 5 L.Ed.2d 492, they are outside of its ambit for purposes of equitable relief as well as for damages. The District Court was therefore wrong in concluding that it had jurisdiction of appellees' contentions under § 1343.

City of Kenosha v. Bruno, 412 U.S. 507, 513, 93 S.Ct. 2222, 2226, 37 L.Ed.2d 109 (1973).

■ *Bruno* dealt with the denial of a liquor license by a municipal corporation to a retail liquor establishment which allegedly sponsored nude entertainment. Its logic, however, inescapably leads to the same conclusions in cases of alleged racially motivated denial of employment by a County School Board. County governments are indistinguishable in this context from municipal corporations. Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Nor can the Commonwealth itself be considered a "person" within the meaning of § 1983. Furthermore, pursuant to Va.Code Ann. § 22–63 (1973), every Virginia County School Board is itself declared a "body corporate." Thus, whether viewed as arms of the County or State government or as independent subdivisions of the State, county school boards are not "persons" within the meaning of § 1983 and are not proper defendants in a suit under that statute and its jurisdictional counterpart. See Taliaferro v. State Council of Higher Education, 372 F.Supp. 1378 (E.D.Va.1974). Furthermore, for § 1983 purposes, the Court can perceive no distinction in principle between a county school board and the persons in their official capacities of whom it is comprised. *Cf.* Landman v. Royster, 354 F.Supp. 1302, 1315–1316 (E.D.Va.1973). Thus defendants' motions to dismiss the Dinwiddie County School Board, the members of the Board in their official capacities, and Thomas Newsom in his official capacity as Superintendent of Dinwiddie County Public Schools will be granted.

■ Defendants have further moved to dismiss this action for failure to state a claim on which relief can be granted. Plaintiff has alleged that denial of continuation of her employment by the defendants was racially motivated. It does not appear that she alleges termination simply because she was white, but because as a white teacher she voluntarily participated in the desegration of the Dinwiddie County School System. Such a claim is cognizable under § 1983. See Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Finally, defendants' assertion that claims for damages are not allowed under 42 U.S.C. § 1983 is not now and never has been the law. See, Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

For the reasons stated above, defendants' motion to dismiss the Dinwiddie County School Board and the named defendants in their official capacities will be granted. Defendants' motion to dismiss for failure to state a claim upon which relief can be granted will be denied.

An appropriate order shall issue.