T. Ivonne MARTIN, Appellant,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, Appellee.

No. 81–1245.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1981.

Decided Dec. 11, 1981.

Peter J. Messitte, Chevy Chase, Md. (Messitte & Rosenberg, P. A., Chevy Chase, Md., A. J. Spero, Rutland, Vt., on brief), for appellant.

Robert B. Cave, Washington, D. C. (Vincent H. Cohen, Hogan & Hartson, Washington, D. C., on brief), for appellee.

Before FIELD, Senior Circuit Judge, and ERVIN and CHAPMAN, Circuit Judges.

PER CURIAM:

This is an appeal from the order of the District Court for the Eastern District of Virginia, dismissing the complaint of appellant, T. Ivonne Martin, which alleged false arrest and assault and battery.[1] After a hearing the district court ruled that the appellee, Washington Metropolitan Area Transit Authority (WMATA), was immune from suit on the basis of governmental immunity provided in § 80 of the WMATA compact.

On January 31, 1980, Mrs. Martin boarded a bus owned and operated by WMATA. She allegedly inquired as to the fare, placed a previously purchased Metro coupon in the fare box and took her seat on the bus. Mrs. Martin was then approached by a plainclothes WMATA police officer who identified himself and informed her that she was under arrest for failure to pay her fare. When Mrs. Martin protested, saying that she had in fact paid, the officer directed the driver to stop the bus, whereupon the officer and a cohort forcibly removed her from the bus. Appellant was subsequently searched and taken to the local magistrate and booked on charges of fare evasion. The Commonwealth Attorney for Fairfax County, Virginia, ultimately entered a *nolle prosequi* due to the arresting officer's repeated failure to show up for trial.

This suit, originally brought in the District Court of the District of Columbia, was transferred to the Eastern District of Virginia. WMATA filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, stating that WMATA possesses sovereign immunity from tort liability arising from the officer's

---

1. Appellant also alleges unlawful ejection by a carrier, illegal search, invasion of privacy, intentional infliction of emotional distress, malicious prosecution, negligent hiring and supervision.

acts. The district court granted appellee's motion based on § 80 of the WMATA compact.

WMATA was created in 1966 by an interstate compact enacted and consented to by Congress and adopted by the State of Maryland and the Commonwealth of Virginia. At the time of WMATA's creation the signatories had differing rules on governmental immunity. As an obvious compromise, § 80 was enacted to provide for the uniform treatment of WMATA in an area of potential conflicts. Section 80 reads, in pertinent part, that WMATA

> shall be liable ... for its torts ... committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflicts of law), but shall not be liable for any torts occurring in the performance of a governmental function.

The sole issue before this court is whether the acts giving rise to this cause of action occurred in the performance of a proprietary or governmental function. If the alleged tortious conduct occurred in the performance of a proprietary function, WMATA is subject to suit; if the officer was performing a governmental function, the action is barred.

The governmental/proprietary standard has been criticized lately because it is difficult to determine in a particular case whether the function involved is a governmental or proprietary one. It is firmly established, however, that in jurisdictions subscribing to this test "the operation of a police force is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability ...." McQuillin, *The Law of Municipal Corporations*, §§ 53.29, 53.30 and 53.51 (3rd Ed. 1977). As stated by Judge Widener in *Bryant v. Mullins*, 347 F.Supp. 1282, 1284 (W.D.Va.1972), "If the operation of a police force is not a governmental function, then a governmental function may not exist."

Appellant concedes that police action is a governmental function, however, she argues that the actions of the officer here were not police action but the proprietary act of collecting a fare. Though confrontation and arrest may, in some instances, be the only effective means of collecting a fare, they are, in those same circumstances, the only method of enforcing the law. Nothing could be more correctly characterized as police action than enforcement of the law. Hence, the granting of WMATA's motion to dismiss appellant's complaint was proper.

AFFIRMED.