Alfred MORRIS, Plaintiff,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, Defendant.

Civ. A. No. 80–1307.

United States District Court,
District of Columbia.

April 16, 1984.

David J. Ontell and Peg Shaw, Washington, D.C., for plaintiff.

Donald A. Clower, Washington, D.C., of the Washington Metropolitan Area Transit Authority, and Vincent H. Cohen and Robert B. Cave of Hogan & Hartson, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

Before the Court is a motion to dismiss the complaint, the opposition thereto, supplemental memoranda, and the entire record herein. The defendant asserts that the plaintiff's claim is barred by Eleventh Amendment immunity. For the reasons stated herein, the Court agrees with that assertion and finds that this case must be dismissed.

## BACKGROUND

Alfred Morris, the plaintiff, was employed as an officer by the Metro Transit Police of the Washington Metropolitan Area Transit Authority ("WMATA") from November, 1974, until his discharge in October, 1976. On May 23, 1980, Morris filed suit in this Court, alleging, in three counts, 1) that black police officers, such as himself, were treated differently with respect to matters of promotion and discipline and that the disproportionate discipline he was subjected to because of his race was ultimately used as a pretext to fire him; 2) that as a result of complaints he made concerning allegedly discriminatory practices of the WMATA Police Force, he was singled out and fired in retaliation; and 3) that because he exercised his right to free speech in criticizing the discriminatory practices and disparate treatment of the defendant, he was fired in violation of his rights secured by the First Amendment. Morris relied on Title VII, 42 U.S.C. § 2000e *et seq.* (1976) ("Title VII") in connection with counts 1 and 2. This Court granted plaintiff's demand for a jury trial on the First Amendment claim, but denied it as to the claims brought pursuant to Title VII. On November 17th, 1980, a jury returned a verdict in favor of the defendant as to the First Amendment claim. The Title VII claims were then voluntarily dismissed with prejudice. The Court entered a judgment on the verdict and denied plaintiff's motion for a new trial.

On appeal, the plaintiff limited his challenge to certain evidentiary rulings by the Court during the trial. Our Circuit Court vacated the judgment for the defendant and remanded for further proceedings consistent with the Circuit Court's opinion. *Morris v. WMATA,* 702 F.2d 1037, 1043–49 (D.C.Cir.1983). However, the Circuit Court raised, *sua sponte,* several matters "casting doubt upon the existence of federal subject matter jurisdiction...." 702 F.2d at 1040. On remand, the plaintiff was allowed to amend the complaint[1] and the parties were directed to address the issues[2] raised by the Court of Appeals. The defendant did so via a motion to dismiss

---

**1.** The Circuit Court treated the claim as one brought under 42 U.S.C. § 1983, *Morris v. WMATA,* 702 F.2d at 1042, and this Court granted plaintiff leave to amend his complaint. The amended complaint contains three counts: 1) violation of § 1983, 2) violation of the Fourteenth Amendment, and 3) violation of the First Amendment.

**2.** The Circuit Court first queried whether or not WMATA is a federal employer since "[a]bsent a showing that Title VII provides inadequate protection for his or her rights, ... a federal employee urging unlawful discrimination is confined to actions under that statute. Hence, a direct constitutional action by an employee against an agency of the United States or its officials would be foreclosed on the facts of the present case." *WMATA v. Morris,* 702 F.2d at 1040 (footnote omitted). The Court finds that WMATA is not a federal employer. *WMATA v. Norair Engineering Corp.,* 553 F.2d 233, 235 (D.C.Cir.1977) ("WMATA is not an agency of the United States Government"); *Heffez v. WMATA,* 569 F.Supp. 1551, 1554 (D.D.C.1983).

alleging that the plaintiff's claim is barred by 1) Eleventh Amendment immunity and/or 2) the statute of limitations. Plaintiff has vigorously opposed the motion.

## THE BROAD REACH OF THE ELEVENTH AMENDMENT

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens or Subjects of any Foreign State." Despite the amendment's literal language, a federal court also lacks jurisdiction to hear a suit brought by a citizen against his own state. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed.2d 842 (1890). It poses a bar to suits against a state agency as well as the state itself and applies to claims of constitutional dimension. *See Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). It is applicable to an agency of several states, *Trotman v. Palisades Interstate Park Commission,* 557 F.2d 35, 38 (2d Cir.1977), and the bar is not limited to suits for money judgments, *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982).[3] It also applies to pendant claims. *Pennhurst State School & Hospital v. Halderman,* — U.S. —, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

## WMATA IS AN INSTRUMENTALITY OF THE SIGNATORY STATES

*Instrumentalities* of sovereign states are entitled to invoke Eleventh Amendment immunity. *Morris v. WMATA,* 702 F.2d at 1041. *Political subdivisions* such as municipalities and counties are not. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 401, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979). Whether WMATA is an instrumentality or political subdivision turns on the intent of the states and Congress, which may be gleaned from the manner in which the new agency was structured. *Id.*

The Washington Metropolitan Area Transit Authority Compact, Pub.L. No. 89–774, 80 Stat. 1324 (1966) ("Compact") was entered into by Virginia, Maryland and the District of Columbia. The text of the Compact leaves little doubt that the signatories intended to create WMATA as an agency or instrumentality, and not as a political subdivision. Section 2 of the Compact states that its purpose "is to create a regional instrumentality, as a common agency of each signatory party...." Section 4 identifies WMATA "as an instrumentality and agency of each of the signatory parties...." Section 78 declares "that the creation of the Authority is in all respects for the benefit of the people of the signatory states and is for a public purpose ...," and that WMATA "will be performing an essential governmental function, including, without limitation, proprietary, governmental and other functions...." In a Brief *Amici Curiae* filed in the United States Supreme Court, Virginia and Maryland declared that "WMATA is an arm of the signatory States, and is entitled to invoke the same Eleventh Amendment immunity that Maryland and Virginia could."[4]

In contrast to the foregoing is the situation presented to the Supreme Court in *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, supra.* In that case, the Court found that the Tahoe Regional Planning Agency ("TRPA"), created by an interstate compact between California and Nevada, was subject to the judicial power of the United States within the meaning of the Eleventh Amendment. 440 U.S. at 402, 99 S.Ct. at 1177. But in *Lake Country Estates,* California and Nevada had filed briefs with the Supreme Court "disclaiming any intent to confer immunity on TRPA." 440 U.S. at 401, 99 S.Ct. at 1177. And the terms of the compact specifically described TRPA as a *political subdivision. Id.*

An important consideration is the possible effect of the instant suit on the treasur-

---

3. Morris seeks money damages only.

4. Brief *Amici Curiae,* at 8, filed in *Qasim v. WMATA,* No. 82–1540, *cert. denied,* — U.S. —, 103 S.Ct. 2090, 77 L.Ed.2d 300 (1983).

ies of Virginia and Maryland. *See Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974) (a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment). Unlike the compact in *Lake Country Estates,*[5] funding by Virginia and Maryland is not prohibited by the WMATA Compact. In fact, both Virginia and Maryland have provided substantial funding for the WMATA. See ch. 530 and 532, Acts of General Assembly 1980 (Maryland); ch. 357 and 684, 1982 Acts of Assembly (Virginia). Thus, "[t]he Court ... cannot ignore the likelihood that a judgment against WMATA 'would have [sic] essentially the same practical significance as a judgment against the State[s] [themselves].'" *Strange v. Chumas,* 580 F.Supp. 160 (D.D.C.1983) (quoting *Lake Country Estates,* 440 U.S. at 401, 99 S.Ct. at 1177). Of course, there are other considerations as well: "[T]he Eleventh Amendment's restriction on the federal judicial power is based in large part on 'the problems of federalism inherent in making one sovereign appear against its will in the courts of the other.'" *Pennhurst State School & Hospital,* 104 S.Ct. at 917 (quoting *Employees v. Missouri Public Health Department,* 411 U.S. 279, 294, 93 S.Ct. 1614, 1622, 36 L.Ed.2d 251 (1973) (Marshall, J., concurring in the result)).

## WMATA HAS NOT WAIVED ITS IMMUNITY

A state may waive its Eleventh Amendment immunity, "and the Court consistently has held that a State may consent to suit against it in federal court. See, *e.g., Clark v. Barnard,* 108 U.S. 436, 447 [2 S.Ct. 878, 882, 27 L.Ed. 780] (1883)." *Pennhurst State School & Hospital,* 104 S.Ct. at 907. However, waiver will be found "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan,* 415 U.S. at 673, 94 S.Ct. at 1361 (quoting *Murray v.*

*Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)).

At first blush, it would appear that such a waiver may be found in Section 81 of the Compact:

> The United States District Courts shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against the Authority....

But, as pointed out by Judge Gesell in *Strange v. Chumas,* 580 F.Supp. 160 at 162, "[s]ection 81 cannot be read alone, but must be considered in the light of the section which directly precedes it." Section 80 provides:

> The Authority shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agent committed in the conduct of any proprietary function, ... but shall not be liable for any torts occurring in the performance of a governmental function.

The reasonable construction of the two sections, read together, is that WMATA has consented to be sued for torts committed in the performance of *proprietary* functions and such suits may be brought in United States District Courts. But the operation of the Metro Transit Police is a *governmental* function, *Martin v. WMATA,* 667 F.2d 435, 436 (4th Cir.1981); *Strange v. Chumas,* No. 83–1719, slip op. at 4, and WMATA has expressly retained its immunity from suit for torts committed in the performance of *governmental* functions.

Plaintiff argues that WMATA cannot cloak itself in Eleventh Amendment immunity for a claim founded on a violation of the Constitution and cites *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), in support of that assertion. Plaintiff's reliance on *Owen* is misplaced. The government entity sued in *Owen* was a municipality and not an instrumentality of states as is WMATA. Thus, the city in *Owen* possessed no Eleventh Amendment immunity as does the

---

**5.** "Funding under the Compact must be provided by the counties, not the States." 440 U.S. at

402, 99 S.Ct. at 1177 (footnote omitted).

defendant in the case at bar. But if an entity does have Eleventh Amendment immunity, it makes no difference that the claim is founded on the Constitution. As Justice Powell, writing for the Court in *Pennhurst State School & Hospital,* recently noted:

> [The Eleventh Amendment] deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction. For example, if a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution. Similarly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim. The Amendment thus is a specific constitutional bar against hearing even *federal* claims that otherwise would be within the jurisdiction of the federal courts.

104 S.Ct. at 918–19 (citations and footnote omitted).

### CONCLUSION

Because of the result reached herein, the Court need not address the other issues raised by the parties or by the Court of Appeals. WMATA is immune from suit in federal court because of the Eleventh Amendment and the plaintiff's claim must be dismissed since this court is without jurisdiction to hear it.