Andrew W. CLARKE, Jr., Plaintiff,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

Civ. A. No. 84–1754.

United States District Court, District of Columbia.

Aug. 30, 1985.

H. Vincent McKnight, Ashcraft & Gerel, Washington, D.C., for plaintiff.

Richard W. Beebe, Robert L. Polk, Associate Gen. Counsel, Dominick L. Arleo, Asst. Gen. Counsel, WMATA, Washington, D.C., for defendant.

## MEMORANDUM

FLANNERY, District Judge.

This matter is before the court on defendant's motion to dismiss based on defendant's immunity from suit under the eleventh amendment to the United States Constitution. The plaintiff has also moved to amend his complaint to include a *Bivens*-type constitutional tort claim. For reasons set forth below, defendant's motion to dismiss is granted and plaintiff's motion to amend his complaint is denied.

## I. *Background*

Plaintiff Andrew W. Clarke, Jr., a black male, is an employee of the defendant Washington Metropolitan Area Transit Authority. Plaintiff alleges that he was twice denied a promotion to the Track Equipment Instructor position in spite of his instructing experience and job performance. Plaintiff further alleges that both times the position was filled with less qualified employees. The original basis for Clarke's complaint was the District of Columbia Human Rights Law, D.C.Code § 13–423 and § 1–2501 *et seq.* (1981 ed.). That claim was dismissed by the court on August 16, 1984. On September 10, 1984, plaintiff amended his complaint to include a claim based on 42 U.S.C. §§ 1981 and 1983 and upon a public policy concept against racial discrimination. Plaintiff now seeks to amend his complaint a second time to include a *Bivens*-type constitutional tort claim.

The defendant, Washington Metropolitan Area Transit Authority, is an interstate agency created by compact between the State of Maryland, the Commonwealth of Virginia and the District of Columbia. WMATA has moved to dismiss the plaintiff's case arguing that the eleventh amendment clothes it with immunity from suit.

WMATA contends that it is an interstate agency which is an instrumentality of each of the states party to the compact authorizing its existence. To support this contention, WMATA points to language in the compact which so states and notes that Congress approved this "state instrumentality" structure when it ratified the compact. Thus, WMATA argues that it has the eleventh amendment immunity of the states party to the compact and that, therefore, the plaintiff's suit must be dismissed.

The plaintiff contends that WMATA is not an instrumentality of the states, but rather a local agency which does not enjoy eleventh amendment immunity. The plaintiff bases this contention on the fact that funding for WMATA comes from operating revenues and from local governments and that WMATA has independent authority to enter into contracts and to incur debts. The plaintiff further contends that even if the eleventh amendment provides some protection for WMATA, that WMATA has waived that immunity in this case. The plaintiff supports that contention with language in the compact which waives immunity for certain tort and contract actions.

## II. *Discussion*

### A. *Is WMATA Immune under the Eleventh Amendment?*

In *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979), the United States Supreme Court set out the test for determining whether an agency created by interstate compact is entitled to the protection of the eleventh amendment.

If an interstate compact discloses that the compacting States created an agency comparable to a county or municipality, which has no Eleventh Amendment immunity, the Amendment should not be

construed to immunize such an entity. Unless there is good reason to believe that the States structured the new agency to enable it to enjoy the special constitutional protection of the States themselves, and that Congress concurred in that purpose, there would appear to be no justification for reading additional meaning into the limited language of the Amendment.

440 U.S. at 401, 99 S.Ct. at 1177.

■ Thus, to determine whether or not WMATA is immune under the eleventh amendment, the Court must determine first, whether Maryland, Virginia, and the District of Columbia,[1] the states which structured WMATA, created it in a manner to give it eleventh amendment protection, and second, whether Congress, when approving the compact, concurred in that structuring. Two decisions from this court have held that WMATA was so structured. *See Morris v. WMATA*, 583 F.Supp. 1522 (D.D.C.1984); *Strange v. Chumas*, 580 F.Supp. 160 (D.D.C.1983). One decision has held that WMATA was not entitled to eleventh amendment immunity. *See Heffez v. WMATA*, 569 F.Supp. 1551 (D.D.C.1983).

■ This court agrees with the results in the former two opinions and holds that WMATA meets both of the tests set forth in *Lake Country Estates*. First, the compacting states created WMATA as an instrumentality of each of the states. Section 2 of the compact describes WMATA as "a common agency of each signatory party," and section 4 specifically describes WMATA "as an instrumentality of each of the signatory parties." The intent of the compacting states—expressed in the language of the compact—to create WMATA as an instrumentality of the signatory parties, distinguishes WMATA from the agencies at issue in the *Lake Country Estates*

---

**1.** Plaintiff argues that WMATA cannot have eleventh amendment immunity because the District of Columbia is not a state. That argument is without merit. Article I, Section 1(e) of Title III of the WMATA compact, which Congress approved, provides that, for purposes of the compact, the District of Columbia is a state. Plaintiffs have cited no authority which holds

that the District of Columbia cannot be viewed as a state for a limited purpose such as creating an interstate agency. Moreover, to hold that WMATA loses its sovereign immunity because the District of Columbia is not a state would deprive the states of Maryland and Virginia of their sovereign immunity.

and *Mt. Healthy City School Dist. Bd. of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471, (1977) cases cited by the plaintiff. In *Lake Country*, the compacting states disclaimed any intent to confer immunity on the agency at issue in the case, citing provisions of the compact that stated that the agency was to be regarded as a political subdivision rather than as an arm of the state. 440 U.S. at 401, 99 S.Ct. at 1177. In *Mt. Healthy*, state law provided that local school districts were "political subdivisions" and that the "state" did not include "political subdivisions." 429 U.S. 274, 280–81, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

Second, Congress concurred in this creation of WMATA when it approved the compact. *See* Pub.L. No. 89–774, 80 Stat. 1324. Thus, because the compacting states created WMATA as an instrumentality of the states and since Congress approved its creation as an instrumentality, WMATA possesses eleventh amendment immunity from suit.

### B. Has WMATA Waived its Immunity?

In *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the United States Supreme Court stated that

> In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction."

415 U.S. at 673, 94 S.Ct. at 1360 [citations omitted].

Plaintiffs contend that WMATA has waived its sovereign immunity in all actions involving WMATA's proprietary functions, citing section 80 of the compact:

> The Authority shall be liable for its contracts and for its torts and those of its Directors, officers, employees and agent committed in the conduct of any proprietary function, *in accordance with the law of the applicable signatory* ... but

shall not be liable for any torts occurring in the performance of a governmental function.

[Emphasis added].

■ Plaintiff's argument is not well-founded. First, section 80 waives immunity only in certain tort and contract actions; the plaintiff here is not suing in tort or contract. Additionally, the language of section 80 could be interpreted as waiving immunity only in tort and contract action under *state law;* the plaintiff here is suing under federal law.

■ Because there is room for such an interpretation, WMATA cannot be said to have waived its immunity in this case. States and state instrumentalities possess their immunity even from actions brought under the federal Constitution. *See Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89, 104 S.Ct. 900 at 918–19, 79 L.Ed.2d 67. Thus, WMATA is immune from suit in this case and the plaintiff's complaint must be dismissed.

### C. Plaintiff's Motion to Amend His Complaint.

■ The plaintiff has moved to amend his complaint to add a *Bivens*-type constitutional tort claim. However, a *Bivens*-type constitutional tort claim can be brought only against state or federal officials, not against a state or federal agency. *See Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In fact, in *Strange v. Chumas*, cited by plaintiff in support of his *Bivens* claim, the *Bivens* claim was allowed only against the *individual* defendant and not against WMATA. 580 F.Supp. at 164. For this reason, plaintiff's motion to amend his complaint is denied.

An appropriate Order accompanies this Memorandum.