## CIRCUIT COURT OF HANOVER COUNTY

Lori A. Locke

v.

Town of Ashland

October 28, 1994

BY JUDGE JOSEPH F. SPINELLA

The plaintiff in this case brought suit against the Town of Ashland on three counts of intentional torts which she alleges were inflicted upon her by the agents and/or employees of the defendant. The plaintiff was a volunteer intern with the police department of the defendant, and in June of 1992, the plaintiff alleges in the first count that three police officers assaulted and battered her by tickling her, placing handcuffs on her, and dragging her across the floor. In the second count, she alleges that she was falsely imprisoned because her movements were restricted by the officers. The third count alleges that the officers intentionally inflicted emotional distress upon her by their conduct.

The defendant has filed a demurrer and a motion for summary judgment on the grounds that the defendant has sovereign immunity and that the defendant is not responsible for the acts of its agents when the agent acts outside of the scope of employment.

The plaintiff files a motion to amend and supplement her motion for judgment by adding a fourth count as set forth in the motion. The defendant objects on the grounds that the statute of limitations has expired on injuries resulting from the negligence of the defendant or its agents, and to allow the amendment would be to allow the plaintiff to bring in new matters barred by the statute of limitations to the prejudice of the defendant.

In the view of the Court, the amended motion for judgment would add a new count not previously pleaded and therefore would be tantamount to filing a new suit. The Court agrees with the position of the defendant and

therefore denies the motion to amend and supplement the motion for judgment.

No evidence was introduced by the parties concerning the demurrer and the motion for summary judgment. Arguments were heard and briefs submitted.

The defendant in this case is a municipality of the Commonwealth of Virginia and as such it undertook to establish, maintain, and operate a police department for the Town of Ashland. The courts have consistently held that the maintenance of a police force by a municipality is a governmental function. See *Bryant v. Mullins*, 347 F. Supp. 1282 (W.D. Va. 1972); *Hoggard v. City of Richmond*, 172 Va. 145, 200 S.E. 610 (1939), and others. The courts of Virginia have also held that in determining a municipality's immunity, the test is well established.

"In Virginia, a municipal corporation is clothed with a two-fold function — one governmental and the other proprietary. A municipality is immune from liability for failure to exercise or for negligence in the exercise of its governmental functions. It may be liable, just as a private individual or corporation, for the failure to exercise or for negligence in the exercise of its proprietary functions." *Fenon v. City of Norfolk*, 203 Va. 551, 555, 125 S.E.2d 808 (1962).

There can be no question that the maintenance of a police department is a governmental function. The allegations in this case state that the police officers committed intentional torts, and they are not charged with any negligence in the performance of their duties, nor do the allegations show that the officers were performing any police duties when the conduct complained of took place. It would therefore appear that the defendant can only be liable under the doctrine of respondeat superior if the officers were acting within the scope of their employment.

The allegations in the motion for judgment do not allege any connection with training of the plaintiff by the officers, nor do the allegations establish the basis for the actions of the officers other than to show that they were engaged in a form of horse play.

In the case of *Kensington Associates v. West*, 234 Va. 430, 362 S.E.2d 900 (1987), it was held that an act is generally within the scope of employment "if (1) it was expressly or impliedly directed by the employer or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business, and did not arise wholly from

some external, independent, and personal motive on the part of the [employee] to do the act upon his own account."

"When an employer-employee relationship has been established, 'the burden is on the [employer] to prove that the [employee] was not acting within the scope of his employment when he committed the act complained of, and . . . if the evidence leaves the question in doubt, it becomes an issue to be determined by the jury.' *Broaddus v. Standard Drug Co.*, 211 Va. 645, 653-54, 179 S.E.2d 497, 504 (1971) (emphasis added); *Alvey v. Butchkavitz*, 196 Va. 447, 453, 84 S.E.2d 535 (1954); *Crowell v. Duncan*, 145 Va. 489, 134 S.E. 576 (1926). Moreover, when the undisputed evidence shows that an employee's deviation from his employer's business is slight and not unusual, or, on the other hand, great and unusual, a court shall determine, as a matter of law, whether the employee was acting in the scope of his employment. When, however, the evidence places the case between these two extremes, the issue is for a jury."

The Court finds (1) that the actions of the officers arose wholly from external, independent, and personal motives; (2) that the actions did not further the interest of the employer in any way; and (3) that the conduct was a great and unusual deviation from the defendant's business. Therefore, the question of whether he acted outside the scope of employment is one of law for the Court to decide, rather than one of fact for the jury. See *Kensington v. West, supra.*

The Court will sustain the demurrer and will grant summary judgment in favor of the defendant.