**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2047**

WANDA GHOLSON,

Plaintiff – Appellant,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Timothy J. Sullivan, Magistrate Judge. (8:20–cv–00226–TJS)

Submitted: January 13, 2023                    Decided: July 6, 2023

Before QUATTLEBAUM, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Erik D. Frye, ERIK D. FRYE, P.A., Upper Marlboro, Maryland, for Appellant. Neal M. Janey, Jr., Senior Counsel, J. Douglas Cuthbertson, Senior Counsel, OFFICE OF GENERAL COUNSEL FOR WMATA, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wanda Gholson sued the Washington Metropolitan Area Transit Authority (the "WMATA") for injuries she sustained when she fell as she was stepping off a bus on her way to work. Ultimately, the WMATA moved for summary judgment. The United States Magistrate Judge—hearing the case by consent—granted the motion on the ground that Gholson failed to establish the standard of care required to show liability in a negligence action. We affirm.

I.

The WMATA is an interstate compact agency between the governments of Maryland, Virginia and the District of Columbia, which provides mass transit in the Washington, D.C. metropolitan area. *See Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir. 1981). On the morning of February 10, 2017, Gholson took a WMATA bus to work in Washington, D.C., like she had done every day for the previous 38 years. According to Gholson, the driver failed to pull up to the curb at the stop where she normally got off to go into work. Rather, the driver stopped the bus in the street away from the curb. The driver also did not "kneel" the bus—meaning he did not lower the bus to account for the difference in height between the ground and the last step of the bus.

According to Gholson, she was the first person to get off the bus. When she descended from the last step, the drop was further than she had anticipated, causing her right knee to buckle when her foot touched the ground. She then fell and could not get back up without assistance from others nearby. She sustained a torn ACL requiring surgery.

2

Gholson sued the WMATA for negligence in Prince George's County Maryland, alleging the WMATA operated in a reckless or careless manner and failed to control and "kneel" the bus. The WMATA timely removed the case to the federal district court of Maryland based on the WMATA compact documents and corresponding federal law, which grants federal courts original jurisdiction over suits against the WMATA. Md. Code. Ann., Transp. § 10-204(81).[1] The parties consented to having the United States Magistrate Judge preside pursuant to 28 U.S.C. § 636(c).

Later, the WMATA moved for summary judgment. It first argued that District of Columbia substantive law applied under Maryland's choice of law rules. It then argued that Gholson failed to establish that the WMATA breached its duty of care because she did not name an expert witness, as District of Columbia law requires, to establish a national standard of care. The district court granted the motion and dismissed the case based on the lack of expert testimony required to establish the requisite duty of care. Gholson then appealed arguing expert testimony was not required under her theories of liability. We have jurisdiction under 28 U.S.C. §§ 636(c)(3), 1291.

---

[1] "The United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia, and the District of Columbia, of all actions brought by or against [WMATA] and to enforce subpoenas issued under this title. Any such action initiated in a State or District of Columbia court shall be removable to the appropriate United States District Court in the manner provided by Act of June 1948, as amended (28 U.S.C. § 1446)." Md. Code. Ann. Transp. § 10–204(81).

3

II.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III.

Since Gholson alleged the WMATA's negligence caused her injuries, we begin with the elements of a negligence claim. To do so, we look to District of Columbia substantive law.[2] Under District of Columbia law, "a claim for negligence . . . has four elements: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached its duty, (3) and that breach was the proximate cause of (4) damages sustained by the plaintiff." *Busby v. Cap. One, N.A.*, 772 F. Supp. 2d 268, 283 (D.D.C. 2011) (citing *Powell ex rel Ricks v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). In addition, a plaintiff must show that the

---

[2] Maryland, where Gholson sued, follows the doctrine of *lex loci delecti* for tort actions under which the "substantive tort law of the state where the [alleged] wrong occurs governs." *Hauch v. Connor*, 453 A.2d 1207, 1209 (Md. 1983). And the state where the wrong occurred is the "State where the injury—the last event required to constitute the tort—occurred." *Lab Corp. of Am. v. Hood*, 911 A.2d 841, 845 (Md. 2006). Gholson stepped off the WMATA bus in the District of Columbia. Therefore, District of Columbia law governs the adjudication in this case. And Gholson concedes that District of Columbia substantive law is proper.

defendant violated a national standard of care, which must be a "specific standard that has been accepted in the industry." *Casey v. McDonald's Corp.*, 880 F.3d 564, 569 (D.C. Cir. 2018) (internal quotation marks and citations omitted). And it also requires the standard be established by expert testimony for claims regarding the operation of a bus since that subject matter is outside the common knowledge of the average layperson. *Robinson v. WMATA*, 941 F. Supp. 2d 61, 67 (D.D.C. 2013) ("[W]here a plaintiff seeks to establish standards regarding the specific procedures that public transit bus operators should follow . . . a plaintiff must present expert testimony, as the standards governing the operation of city buses are distinctly related to an occupation that is 'beyond the ken of the average layperson.'" (citations omitted)).

Here, Gholson's claim that the bus driver breached his duty of care "by *failing to control the bus*" in not lowering the steps "to the appropriate height for the passenger to safely exit the bus" involves the operation of a bus. J.A. 7 (emphasis added). Thus, under District of Columbia law, it requires expert testimony. But Gholson never identified an expert witness, which is fatal to this claim.

Undeterred, Gholson argues that she has two other theories for which expert testimony is not required because they do not involve matters outside the common knowledge of the average layperson. According to Gholson, without expert testimony, a reasonable jury could determine that the WMATA was negligent when its driver failed to warn her about the height difference from the bus to the pavement. But there is nothing in Gholson's complaint alleging that the bus driver had or breached a duty to warn. So, this argument does not defeat the WMATA's motion for summary judgment.

Gholson also argues that a reasonable jury could find that the WMATA was negligent in failing to provide Gholson a safe means to disembark. As the WMATA contends, Gholson raises this issue for the first time on appeal. "[We] do not consider issues raised for the first time on appeal, absent exceptional circumstances." *Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) (cleaned up). In civil cases, exceptional circumstances require "fundamental error" or a "denial of fundamental justice." *Id.* (quoting *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014)). And the burden is on the party that failed to preserve an argument to show that the standard is met.

Gholson does not attempt to meet the exceptional circumstances requirement. Instead, she contends waiver is not implicated where a theory on appeal is "plainly encompassed by the pleadings and clearly a 'discernible circumstance' from the record before the court." *Maynard v. General Elec. Co.*, 486 F.2d 538 (4th Cir. 1973) (cleaned up). But even assuming, without deciding, Gholson's argument was not waived, it is just another way of phrasing the negligent operation of a bus claim which, under District of Columbia law, requires expert testimony. So, it also fails for lack of expert testimony.

Thus, neither of Gholson's arguments indicate any error by the district court. We affirm the district court's order granting summary judgment to the WMATA. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

6